Electronically Filed - Franklin County - November 28, 2022 - 05:52 PM

IN THE CIRCUIT COURT OF FRANKLIN COUNTY
STATE OF MISSOURI

| | |
|---|---|
| KIM DAMES, DAVID ARMSTRONG, & MYRA DAVIS, individually and on behalf of all those similarly situated, | |
| Plaintiffs, | |
| v. | Case No. 19AB-CC00264 |
| | Division VI |
| MERCY HEALTH, and MERCY HOSPITALS EAST COMMUNITIES d/b/a MERCY HOSPITAL WASHINGTON, | |
| Defendants. | |

AMENDED PETITION

COME NOW Plaintiffs Kim Dames, David Armstrong, and Myra Davis (together, and with the putative classes, "Plaintiffs"), by and through counsel, for their amended petition for damages against Defendants Mercy Health and Mercy Hospitals East Communities d/b/a Mercy Hospital Washington (collectively, "Mercy"), and state and allege as follows:

Introduction

1.      Mercy operates hospitals that provide medical services, including emergency medical services, to patients.

2.      At all Mercy hospital locations in Missouri, except for Missouri Hospital South in St. Louis, Mercy screens all patients and makes a determination regarding the reason for treatment and whether there may be sources of payment other than health insurance available.

3.      If the patient is identified as one whose medical bills may be recoverable from another source and the total amount billed to that patient is less than Twenty Thousand Dollars ($20,000), Mercy either refuses to submit that patient's medical bills to his or her

Electronically Filed - Franklin County - November 28, 2022 - 05:52 PM

valid commercial health insurance or an employee health benefit plan ("health insurance"), or submits the bills to health insurance and sometime thereafter remits those funds back to health insurance after recovering payment from another source.

4.    Mercy engages in these practices even though it is contractually required to submit said bills to health insurance, accept payment from health insurance in satisfaction of the bill, not seek payments from any additional sources, and hold the patient harmless from any amounts owed other than co-pays or deductibles.

5.    While refusing to submit medical bills to the patients' health insurance and accept the payment in satisfaction of the bill, Mercy routinely seeks payment for the medical bills from those same patients, either directly or indirectly.

6.    Upon information and belief, Mercy seeks payment for medical bills through means including, among others, demanding cash payment directly from the patients, placing unlawful liens upon patients' third-party tort claims, and seeking medical payment benefits from the patients' auto insurers.

7.    Mercy pursues such courses of conduct despite knowing the patients have health insurance and being contractually entitled to have their medical bills submitted to their health insurance for payment.

8.    Mercy is required by its contracts with patients' health insurance to submit insured patients' medical bills directly to health insurance. Likewise, Mercy was required to submit Plaintiffs' medical bills directly to their health insurance.

9.    Mercy is required to honor a contractual discount with its patients' health insurance and accept discounted payment from health insurance in full satisfaction of the patients' debts.

Electronically Filed - Franklin County - November 28, 2022 - 05:52 PM

10.     Mercy is precluded by its contracts with private health insurance from seeking payment for covered services from other sources, including from the patient directly; through medical payments coverage from the patients' automobile insurer; by turning the bills over to collections; or by filing a lien against patients' property, including personal injury claims.

11.     Mercy did not inform patients at the time of treatment that they would not honor the patients' health insurance if the circumstances created the possibility of another source of recovery. This is true even though Mercy stated and advertised that it was "in-network" for several health insurance carriers, including Plaintiffs' carriers.

12.     To the contrary, Mercy represents to patients, including Plaintiffs, that it will submit the patient's bill to health insurance and will accept that payment in satisfaction of the patient's bill.

13.     Mercy enters into contracts with patients, including Plaintiffs, which assign any authorized payment to Mercy by the patients' health insurance. This agreement also indicates that Mercy will submit the patients' charges to health insurance and that the patient will only be responsible for charges not covered by the assignment of insurance benefits (*i.e.*, co-pays and deductibles, etc.).

14.     Patients are unable to submit their medical bills directly to their health insurance as Mercy is the entity responsible for such submission. Indeed, Mercy is the only entity in possession of the information required to make such a submission, and Mercy is the entity that has a contract with the health insurance for reduced compensation for treating patients with health insurance.

Electronically Filed - Franklin County - November 28, 2022 - 05:52 PM

15.     The contract between Mercy and health insurance disavows that patients, like Plaintiffs, are third-party beneficiaries under the contract. Accordingly, Mercy's failure to follow its own contractual obligations has the unfair consequence of depriving patients, like Plaintiffs, of the benefit of the bargain those patients made with their health insurance.

16.     Through Mercy's bill collection practices, it unfairly attempts to optimize the amount received for services rendered by seeking from patients the full amount billed (or more than it is entitled to for the covered treatment), rather than accepting the discounted amount it has agreed to accept from the patient's health insurance.

17.     More so, Mercy's communications to its patients about its bill collection practices are unfair and deceptive and omitted material facts. Mercy does not tell patients it will wait to bill health insurance until after it tries to obtain payments from other sources, including medical payments coverage.

18.     Mercy does not tell patients that even if it processes a patient's bill through health insurance and applies a contractual discount, it will later reverse that discount using a "FAKE" insurance form within Mercy's billing system to obtain payments from other sources, including medical payments coverage.

19.     Mercy does not tell patients that it would process a patient's bill only through the patient's health insurance if it unable to obtain information about other payment sources, including medical payments coverage.

20.     Mercy does not send statements to patients explaining how patient's bills were settled unless specifically requested.

21.     Mercy further fails to explain why certain payments and adjustments were credited to a patient's account.

Electronically Filed - Franklin County - November 28, 2022 - 05:52 PM

22.    On the other hand, Mercy's communications with its patients about its collection of medical payments coverage imply that it will result in a cost-savings to the patient.

23.    By employing such a policy and business model, Mercy has unlawfully violated the rights of Plaintiffs as described below.

24.    All medical payments proceeds collected through this business model are processed through the same Mercy office for all Mercy hospitals, using the same processes and computer systems. The only systematic exception to Mercy's medical payments collection process as described herein is that bills grossing more than $20,000 and that originated at Mercy Hospital South in St. Louis.

25.    Mercy does not seek medical payments from bills originating at Mercy Hospital South because of settlement in a prior lawsuit arising from similar medical payments billing practices wherein that facility agreed not to seek medical payments proceeds as described herein.

### Jurisdiction and Venue

26.    This Court has subject matter jurisdiction over this action.

27.    This Court has personal jurisdiction over the parties because the acts and omission which are the subject of this litigation occurred in Missouri.

28.    Venue is appropriate in this Court pursuant to Mo. Rev. Stat. § 508.010.4.

### Parties

29.    Plaintiff Kim Dames is an adult resident of Warren County, Missouri.

30.    Plaintiffs David Armstrong is an adult resident of Franklin County, Missouri.

Electronically Filed - Franklin County - November 28, 2022 - 05:52 PM

31.     Plaintiff Myra Davis is an adult resident of Franklin County, Missouri.

32.     Defendant Mercy Hospitals East Communities d/b/a Mercy Hospital Washington is a Missouri corporation in good standing with the capacity to sue and be sued in its own name.

33.     Defendant Mercy Health is a Missouri nonprofit corporation in good standing with the capacity to sue and be sued in its own name.

34.     Defendant Mercy Hospitals East Communities is an agent of and/or corporate subsidiary of Defendant Mercy Health.

Allegations Related to Ms. Dames

35.     On Sunday, October 25, 2015, Plaintiff Kim Dames was riding as a passenger in a motor vehicle that was involved in a collision with another motor vehicle.

36.     As a result of the collision, Plaintiff Kim Dames sought medical treatment at Mercy's emergency room in Washington, Franklin County, Missouri.

37.     On October 25, 2015, Mercy charged Plaintiff Kim Dames $12,382.50 for medical treatment provided to Plaintiff Kim Dames in the emergency room.

38.     At the time of the medical services, Plaintiff Kim Dames had valid health insurance coverage with Anthem.

39.     The contract of insurance between Mercy and Anthem operated to compel the participation of Defendant in accepting discounted payments and adjustments from Anthem to reduce and/or pay towards Plaintiff Kim Dames' patient accounts.

40.     Prior to the receipt of the medical services, Plaintiff Kim Dames provided Defendant with a health insurance card for Plaintiff Kim Dames.

Electronically Filed - Franklin County - November 28, 2022 - 05:52 PM

41.    At the time of the medical services, Mercy did not inform Plaintiff that Mercy would not accept Plaintiff Kim Dames' health insurance, nor did Mercy explain that it would seek the balance of Plaintiff's medical bills from her personally, by billing her medical payments coverage, or by placing a lien against her third-party tort claims.

42.    Mercy did not inform Plaintiff Kim Dames that it would remit any funds received from her health insurance and would be pursuing a third-party lien against her personal injury recovery.

43.    Mercy is required by its contracts with Plaintiff Kim Dames' health insurance to submit medical bills of insured patients directly to health insurance for payment.

44.    Plaintiff Kim Dames was entitled to a contractual reduction in the amount of her medical bills charged by Mercy pursuant to her insurance agreement with Mercy, and to have those bills paid by her health insurance.

45.    Plaintiff Kim Dames' damages alleged in this case are economic damages resulting from an improper billing practice.

46.    At the time of the collision, Plaintiff Kim Dames was insured under a contract of automobile insurance with Acuity which provided Medical Payments Coverage with policy limits of $5,000.00.

47.    On December 18, 2015, Mercy applied an "INS CONTRACTUAL ADJUSTMENT (INS)" in the amount of $11,806.50 to Plaintiff Kim Dames' account pursuant to a contractual relationship that Defendant Mercy had with Anthem, Plaintiff Kim Dames' health insurance provider.

Electronically Filed - Franklin County - November 28, 2022 - 05:52 PM

48.     Plaintiff Kim Dames was entitled to a contractual reduction in the amount of her medical bills incurred with Mercy pursuant to her health insurance's agreement with Defendant Mercy.

49.     After applying the contractual adjustment, Plaintiff Kim Dames' account balance was $576.00.

50.     On January 27, 2016, Plaintiff Kim Dames' automobile insurance carrier, Acuity, made a Medical Payments Coverage payment of $5,000.00 to Mercy, constituting an overpayment of $4,424.00.

51.     On January 29, 2016, Mercy recreated the bill on Plaintiff Kim Dames' account, applied a "INS CONTRACTUAL ADJUSTMENT (INS)" in the amount of $4,424.00.

52.     On January 29, 2016, Mercy backed out the contractual adjustment previously applied on December 18, 2015, and increased the total account balance due to the amount of the $5,000.00 Medical Payments Coverage payment.

Allegations Related to David Armstrong

53.     Plaintiff David Armstrong was injured in an automobile accident on March 24, 2021.

54.     As a result of the collision, Plaintiff David Armstrong sought medical treatment at Mercy's emergency room in Washington, Franklin County, Missouri.

55.     On March 24, 2021 Mercy charged Plaintiff David Armstrong $7,406 for medical treatment provided to Plaintiff David Armstrong.

56.     At the time of the medical services, Plaintiff David Armstrong had valid health insurance coverage with Home State Health Plan / AM Better Missouri.

Electronically Filed - Franklin County - November 28, 2022 - 05:52 PM

57.    The contract of insurance between Mercy and Home State Health Plan / AM Better Missouri operated to compel the participation of Defendant in accepting discounted payments and adjustments from Home State Health Plan / AM Better Missouri to reduce and/or pay towards Plaintiff David Armstrong's patient accounts.

58.    Prior to the receipt of the medical services, Plaintiff David Armstrong provided Mercy with a health insurance card for Plaintiff David Armstrong.

59.    At the time of the medical services, Mercy did not inform Plaintiff that Mercy would not accept Plaintiff David Armstrong's health insurance, nor did Mercy explain that it would seek the balance of Plaintiff's medical bills from her personally, by billing her medical payments coverage.

60.    Mercy is required by its contracts with Plaintiff David Armstrong's health insurance to submit medical bills of insured patients directly to health insurance for payment.

61.    Plaintiff David Armstrong was entitled to a contractual reduction in the amount of his medical bills charged by Mercy pursuant to his insurance agreement with Home State Health Plan / AM Better Missouri, and to have those bills paid by her health insurance.

62.    Plaintiff David Armstrong's damages alleged in this case are economic damages resulting from an improper billing practice.

63.    At the time of the collision on March 24, 2021, Plaintiff David Armstrong was insured under a contract of automobile insurance with Madison Mutual which provided Medical Payments Coverage with policy limits of $2,000.

Electronically Filed - Franklin County - November 28, 2022 - 05:52 PM

64.    Upon receiving treatment, Plaintiff David Armstrong informed Mercy that he had medical payments coverage. His wife, Velva Armstrong, however, did not inform Mercy she had the same medical payments coverage.

65.    On March 24, 2021, Plaintiff David Armstrong was entitled to a contractual reduction in the amount of his medical bills incurred with Mercy pursuant to his health insurance's agreement with Defendant Mercy. Plaintiff David Armstrong did not receive the benefit of this contractual reduction in the amount of his medical bills.

66.    On or about April 6, 2021, Plaintiff David Armstrong's automobile insurance carrier, Madison Mutual, made a Medical Payments coverage payment of $2,000 to Mercy.

67.    Through its medical payments billing program described above, Mercy took the entirety of Plaintiff David Armstrong's medical payments coverage, and Mr. Armstrong did not have that coverage to pay for other medical expenses.

68.    Mercy did not take Velva Armstrong's medical payments coverage. Rather, Velva Armstrong's bills were properly processed through her health insurance resulting in Ms. Armstrong receiving contractual reductions to her medical bills of the type that were denied to Plaintiff David Armstrong.

Allegations Related to Ms. Davis

69.    Plaintiff Myra Davis was injured in an automobile accident on September 1, 2019.

70.    As a result of the collision, Plaintiff Myra Davis sought medical treatment at Mercy's emergency room in Washington, Franklin County, Missouri.

71.    On September 1, 2019, Mercy charged Plaintiff Myra Davis $2,684.11 for medical treatment provided to Plaintiff Myra Davis.

Electronically Filed - Franklin County - November 28, 2022 - 05:52 PM

72.    At the time of the medical services, Plaintiff Myra Davis had valid health insurance coverage with Health Systems, Inc.

73.    The contract of insurance between Mercy and Health Systems, Inc. operated to compel the participation of Mercy in accepting discounted payments and adjustments from Health Systems, Inc to reduce and/or pay towards Plaintiff Myra Davis's patient accounts.

74.    Prior to the receipt of the medical services, Plaintiff Myra Davis provided Mercy with a health insurance card for Plaintiff Myra Davis.

75.    At the time of the medical services, Mercy did not inform Plaintiff that Mercy would not accept Plaintiff Myra Davis's health insurance, nor did Mercy explain that it would seek the balance of Plaintiff's medical bills from her personally, by billing her medical payments coverage.

76.    Mercy is required by its contracts with Plaintiff Myra Davis's health insurance to submit medical bills of insured patients directly to health insurance for payment.

77.    Plaintiff Myra Davis was entitled to a contractual reduction in the amount of her medical bills charged by Mercy pursuant to her insurance agreement with Health Systems, Inc., and to have those bills paid by her health insurance.

78.    Plaintiff Myra Davis's damages alleged in this case are economic damages resulting from an improper billing practice.

79.    At the time of the collision on September 1, 2019, Plaintiff Myra Davis was insured under a contract of automobile insurance with Allied Property and Casualty Insurance Company which provided Medical Payments Coverage with policy limits of $1,000.

Electronically Filed - Franklin County - November 28, 2022 - 05:52 PM

80.     On September 1, 2019, Plaintiff Myra Davis was entitled to a contractual reduction in the amount of her medical bills incurred with Mercy pursuant to her health insurance's agreement with Mercy. Plaintiff Myra Davis did not receive the full benefit of her contractual reduction in the amount of her medical bills.

81.     On or about April 6, 2021, Plaintiff Myra Davis's automobile insurance carrier, Allied Property and Casualty Insurance Company, made a Medical Payments coverage payment of $2,000 to Defendant Mercy.

82.     Through its medical payments billing program described above, Mercy took the entirety of Plaintiff Myra Davis's medical payments coverage, and Ms. Davis did not have that coverage to pay for other medical expenses.

Class Action Allegations

83.     This action is brought as a class action pursuant to Missouri Rule of Civil Procedure 52.08. Plaintiffs bring this action on their own behalf and on behalf of all others similarly situated, as representatives of the following two classes:

84.     Kim Dames seeks to represent the following class:

> All Missouri residents who, since December 12, 2014, received any type of healthcare treatment from any entity located in Missouri that is owned or affiliated with Defendant Mercy Hospitals East Communities, while being covered by valid commercial health insurance or an employee health benefit plan governed by the Employee Retirement Income Security Act ("health insurance"), and whose medical bills resulting from that treatment were either not submitted to health insurance for payment or were submitted and thereafter Mercy refunded those payments to their

Electronically Filed - Franklin County - November 28, 2022 - 05:52 PM

health insurance and Mercy obtained payment for those bills directly from the patient, from an auto insurer, or from the patients' third-party tort recovery.

85. David Armstrong and Myra Davis seek to represent the following class: All Missouri residents who, since October 17, 2017, received any type of healthcare treatment from any entity located in Missouri that is owned or affiliated with Mercy, while being covered by valid commercial health insurance or an employee health benefit plan governed by the Employee Retirement Income Security Act ("health insurance"), and whose medical bills resulting from that treatment were either not submitted to health insurance for payment or were submitted and thereafter Mercy refunded those payments to their health insurance and Mercy obtained payment for those bills directly from the patient, from an auto insurer, or from the patients' third-party tort recovery and who is not a member of a class represented by Kim Dames.

86. The particular members of the Classes are capable of being described without difficult managerial or administrative problems. The members of the Classes are readily identifiable from the information and records in the possession or control of Mercy.

87. The Classes consist of hundreds and perhaps thousands of individual members and are, therefore, so numerous that individual joinder of all members is impractical.

88. There are questions of law and fact common to the Classes, which questions predominate over any questions affecting only individual members of the Classes and, in fact,

Electronically Filed - Franklin County - November 28, 2022 - 05:52 PM

the wrongs suffered and remedies sought by Plaintiffs and the other members of the Classes are premised upon an unlawful scheme perpetrated uniformly upon all the Class members. The only material difference between the Class members' claims is the exact monetary amount to which each member of the Class is entitled. The principal common issues include, but are certainly not limited to the following:

a) Whether Mercy entered into express and/or implied agreements with various health insurance providing, among other things, that health insurance claims should be promptly submitted to health insurance for payment;

b) Whether Mercy violated its contracts with various health insurance by not submitting medical bills to health insurance;

c) Whether Mercy violated its contracts with various health insurance by pursuing recovery for services rendered by placing liens upon patients' property (such as third-party tort claims), pursuing medical payment benefits from auto insurers, pursuing payment directly from the patients, or turning patients' accounts over to collections,

d) Whether Mercy violated its contracts with various health insurance by not offering a contractually agreed discount to patients covered by said policies;

e) Whether Mercy violated its contracts with Plaintiffs and the Class members by seeking payment for charges that were covered by valid commercial health insurance;

f) Whether Mercy improperly refused to submit Plaintiffs' and the class members' medical bills to Plaintiffs' and the Class members' health insurance for payment;

Electronically Filed - Franklin County - November 28, 2022 - 05:52 PM

g) Whether Mercy employs a policy and business model of refusing to submit otherwise valid health insurance claims, or returning money paid by a health insurance company, in order to increase Mercy's profit or for financial gain;

h) Whether Mercy unlawfully refused to submit the Plaintiffs' and the Class members' medical bills to Plaintiffs' and the Class members' health insurance for payment;

i) Whether Mercy profited by refusing to submit the Plaintiffs' and the Class members' medical bills to Plaintiffs' and the Class members' health insurance for payment;

j) Whether Mercy utilized aggressive and unfair collection practices to collect medical payments from the Plaintiff and the Class members despite the fact that Mercy had chosen to refuse to submit, or refunded monies received from, their charges to the class members' health insurance;

k) Whether Mercy has been unjustly enriched at the expense of Plaintiffs and the Class members through the above-described misconduct;

l) Whether Mercy breached its duty of good faith and fair dealing to Plaintiffs and the Class members through the above-described misconduct;

m) Whether Mercy violated the Missouri Merchandising Practices Act through the above-described misconduct;

n) Whether Mercy's communications to Plaintiffs and the Class members were unfair or deceptive or omitted material facts; and

o) Whether Mercy should be enjoined from continuing its unfair, discriminatory, and abusive conduct.

52.    Plaintiffs' claims are typical of those of the Class members and are based on the same legal and factual theories.

Electronically Filed - Franklin County - November 28, 2022 - 05:52 PM

89.     Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class. Plaintiffs have no claims antagonistic to those of the Class. Plaintiffs have retained counsel competent and experienced in complex class actions. Counsel is committed to the vigorous prosecution of this action.

90.     Certification of a plaintiff class is appropriate in that Plaintiffs and the Class members seek monetary damages, common questions predominate over any individual questions, and a class action is superior for the fair and efficient adjudication of this controversy. A class action will cause an orderly and expeditious administration of the Class members' claims and economies of time, effort and expense will be fostered and uniformity of decisions will be ensured. Moreover, the individual Class members are unlikely to be aware of their rights and are not in a position (either through experience or financially) to commence individual litigation against the likes of Mercy.

91.     Alternatively, certification of a plaintiff class is appropriate in that inconsistent or varying adjudications with respect to individual members of the Classes would establish incompatible standards of conduct for Mercy or adjudications with respect to individual members of the Classes as a practical matter would be dispositive of the interests of the other members not parties to the adjudication or would substantially impair or impede their ability to protect their interests.

92.     Mercy has acted or refused to act on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Classes as a whole.

16

Electronically Filed - Franklin County - November 28, 2022 - 05:52 PM

Count I
(Missouri Merchandising Practices Act)

93.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

94.    Mo. Rev. Stat. § 407.020 prohibits the use of any "deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . .."

95.    Mo. Rev. Stat. § 407.020 provides:

"Unlawful practices, penalty — exceptions. — 1.  The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce or the solicitation of any funds for any charitable purpose, as defined in section 407.453, in or from the state of Missouri, is declared to be an unlawful practice. ..."

96.    An "unfair practice" is defined by Missouri Code of State Regulation 15 CSR 60-8.020:

"(1) An unfair practice is any practice which—

(A) Either—

1. Offends any public policy as it has been established by the Constitution, statutes or common law of this state, or by the Federal Trade Commission, or its interpretive decisions; or

2. Is unethical, oppressive or unscrupulous; and

(B) Presents a risk of, or causes, substantial injury to consumers."

Electronically Filed - Franklin County - November 28, 2022 - 05:52 PM

97.     An "unfair practice" is further defined by Missouri Code of State Regulation 15 CSR 60-8.040:

"(1) It is an unfair practice for any person in connection with the advertisement or sale of merchandise to violate the duty of good faith in solicitation, negotiation and performance, or in any manner fail to act in good faith (see section 400.2-103(1)(b), Restatement, Second, Contracts section 205)."

98.     Merchandise is defined by the Merchandising Practices Act, § 407.010(4):

"(4) 'Merchandise', any objects, wares, goods, commodities, intangibles, real estate or services;"

99.     Merchandise includes the providing of medical services and billing for the same.

100.    Person is defined by the Merchandising Practices Act, § 407.010(5):

"(5) 'Person', any natural person or his legal representative, partnership, firm, for-profit or not-for-profit corporation, whether domestic or foreign, …"

101.    Plaintiffs, the Class members, and Mercy are each a "person" as defined by the Missouri Merchandising Practices Act.

102.    The above-described billing practices and related misconduct of Mercy violated the Missouri Merchandising Practices Act by, among other things, constituting an unfair practice and breach of the duty of good faith as required under the Act.

Electronically Filed - Franklin County - November 28, 2022 - 05:52 PM

Count II
(Unjust Enrichment)

103.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

104.    Mercy has engaged in a pattern of subverting the financial interests and contractual agreements of Plaintiffs and the Class members for its own pecuniary gain.

105.    Mercy has been unjustly enriched in that it received and retained the benefits of proceeds to which it was not entitled to and which were received in violation of Missouri law.

106.    Said benefits were conferred on Mercy by Plaintiff and the Class members, and unlawfully obtained to the detriment of Plaintiff and the Class members.

107.    Mercy's retention of these funds is unjust because payment for the services provided should have come from Plaintiffs' and the Class members' health insurance, and the reasonable value for Mercy's services determined by the contracts between Mercy and health insurance.

108.    Allowing Mercy to retain the aforementioned benefits violates fundamental principles of justice, equity, and good conscience.

Count III
(Money Had and Received)

109.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

110.    Mercy has engaged in a pattern of subverting the financial interests and contractual agreements of Plaintiffs and the Class members for its own pecuniary gain.

111.    Mercy received and obtained possession of the named Plaintiffs' and the Class members' money.

Electronically Filed - Franklin County - November 28, 2022 - 05:52 PM

112.    Mercy appreciated a benefit from receiving and obtaining possession of the named Plaintiffs' and the Class members' money.

113.    Mercy's acceptance and retention of these funds is unjust.

114.    Mercy received money from the Plaintiffs and the Class members under circumstances that in equity and good conscience call for the Mercy pay it to Plaintiffs and the class members.

115.    Mercy's retention of these funds is unjust because payment for the services provided should have come from the Plaintiffs' and the Class members' health insurance, and the reasonable value for Mercy's services determined by the contracts between Mercy and health insurance.

116.    Allowing Mercy to retain the aforementioned benefits violates fundamental principles of justice, equity, and good conscience.

## Count IV
### (Declaratory Judgment and Injunctive Relief)

117.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

118.    This Court has jurisdiction over Count IV of this action by reason of Mo. Rev. Stat. § 527.010, *et seq*.

119.    Mercy was required by its contract with health insurance, including named Plaintiffs' herein, to submit Plaintiffs' medical bills to health insurance for payment.

120.    Mercy is required by its contracts with various other health insurance to submit the proposed Class members' medical bills directly to health insurance for payment.

Electronically Filed - Franklin County - November 28, 2022 - 05:52 PM

121.    Mercy is also required to honor a contractual discount with its patients' health insurance and accept discounted payments from health insurance in satisfaction of the patients' debts.

122.    Mercy failed to honor its contractual agreed discount regarding Plaintiffs' medical bills at issue in this case and those of the proposed Class members.

123.    Mercy failed to honor its contractual commitment to submit the medical bills of insured patients to their insurance companies.

124.    Mercy is precluded by its contracts with private health insurance, such as the named Plaintiffs' insurers herein, from seeking payment for covered services from other sources, including the patient directly, medical payments benefits from the patients' auto insurer, or filing liens against patients' property (including personal injury claims).

125.    Mercy is precluded by its own contracts with Plaintiffs and the Class members from seeking payment for medical charges that are covered by the insurance assignment executed by Plaintiffs and the Class members.

126.    Mercy has breached these agreements by seeking payment from Plaintiffs and receiving payment from Plaintiffs' medical payments benefits from Plaintiffs' auto insurers.

127.    A real and subsisting controversy exists between the parties concerning the validity of Mercy's policies and procedures.

128.    Plaintiffs request the Court declare that Mercy, through its actions, policies, procedures, and misconduct, has violated the terms of its agreements with the various health insurance providers and said policies and procedures should be declared invalid and void as a matter of law.

Electronically Filed - Franklin County - November 28, 2022 - 05:52 PM

129.    Plaintiffs further request the Court enter a permanent injunction enjoining Mercy from engaging in the unlawful billing practices as detailed herein, and for such other and further relief as the Court deems just and proper.

WHEREFORE, Plaintiffs Kim Dames, David Armstrong, and Myra Davis pray for judgment against Mercy, as follows:

a.    For a declaration that Mercy's actions violated the named Plaintiffs' and the Class members' rights under Missouri law as pled herein;

b.    For all actual damages, statutory damages, penalties, and remedies available for Mercy's violation of the named Plaintiffs' and the Class members' rights under Missouri law;

c.    For a declaration that Mercy, through its actions and misconduct as alleged above, has been unjustly enriched and order that Mercy disgorge any unlawfully gained proceeds:

d.    For pre-judgment interest;

e.    For post-judgment interest;

f.    For a permanent injunction enjoining Mercy from engaging in the unlawful billing practices as enumerated above;

g.    For an award to the named Plaintiffs and the Class members of their reasonable attorneys' fees;

h.    For an award to the named Plaintiffs and the Class members of their costs; and

i.    For such other and further relief as the Court may deem necessary and proper.

Electronically Filed - Franklin County - November 28, 2022 - 05:52 PM

Dated: November 28, 2022                    Respectfully submitted,

LEAR WERTS LLP

/s/ Todd C. Werts
Bradford B. Lear, Mo. Bar No. 53204
Todd C. Werts, Mo. Bar No. 53288
Anthony J. Meyer, Mo. Bar No. 71238
103 Ripley Street
Columbia, MO 65201
Telephone:  573-875-1991
Facsimile:  573-279-0024
Email:  lear@learwerts.com
Email:  werts@learwerts.com
Email:  meyer@learwerts.com

ROBINSON BRINKMANN & FULFORD LLC
Mark E. Brinkmann, Mo. Bar No. 49950
24 S. Church St.
Union, MO  63084
T: 636-583-7908
F: 636-583-7908
E: mark@attorneysrbf.com

ROBERTS, WOOTEN & ZIMMER, LLC
Charles R. Wooten, Mo. Bar No. 51250
10438 Business 21
Hillsboro, MO  63050
T: 636-797-2693
F: 636-789-4205
E: charleswooten@rwzlaw.com

COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing was served via operation of the Court's electronic filing system on this 28th day of November, 2022. That system will serve copies on all those entitled to notice.

/s/ Todd C. Werts

23