**19AB-CC00264**

Electronically Filed - Franklin County - December 12, 2019 - 11:21 AM

IN THE CIRCUIT COURT OF FRANKLIN COUNTY, MISSOURI
THE 20ᵀᴴ JUDICIAL CIRCUIT

KIM DAMES,

              Plaintiff,

      v.

MERCY HOSPITALS EAST COMMUNITIES
d/b/a MERCY HOSPITAL WASHINGTON,
      SERVE: CSC-Lawyers
      Incorporating Service Company
      221 Bolivar Street
      Jefferson City, MO  65101

              Defendant.

Case No. _____

Division _____

## Petition

COMES NOW Plaintiff Kim Dames, by and through counsel, for her Petition for damages against Defendant Mercy Hospitals East Communities d/b/a Mercy Hospital Washington ("Defendant"), and states and alleges as follows:

### Introduction

1.     Defendant is a hospital that provides medical services, including emergency medical services, to patients.

2.     Defendant screens all patients and makes a determination regarding the reason for treatment and whether there may be sources of payment other than health insurance available.

3.     If the patient is identified as one whose medical bills may be recoverable from another source, Defendant either refuses to submit that patient's medical bills to his or her valid commercial health insurance or an employee health benefit plan ("health insurance"),

Electronically Filed - Franklin County - December 12, 2019 - 11:21 AM

or submits the bills to health insurance and sometime thereafter remits those funds back to health insurance after recovering payment from another source.

4.      Defendant engages in these practices even though defendant is contractually required to submit said bills to health insurance, accept payment from health insurance in satisfaction of the bill, not seek payments from any additional sources, and hold the patient harmless from any amounts owed other than co-pays or deductibles.

5.      While refusing to submit medical bills to the patients' health insurance and accept the payment in satisfaction of the bill, Defendant routinely seeks payment for the medical bills from those same patients, either directly or indirectly.

6.      Upon information and belief, Defendant seeks payment for medical bills through means including, among others, demanding cash payment directly from the patients, placing unlawful liens upon patients' third-party tort claims, seeking medical payment benefits from the patients' auto insurers.

7.      Defendant pursues such course of conduct despite knowing the patients have health insurance and being contractually entitled to have their medical bills submitted to their health insurance for payment.

8.      Defendant is required by their contracts with patients' health insurance to submit insured patients' medical bills directly to health insurance. Likewise, Defendant was required to submit Plaintiff's medical bills to her health insurance.

9.      Defendant is required to honor a contractual discount with their patients' health insurance and accept discounted payment from health insurance in full satisfaction of the patients' debts.

Electronically Filed - Franklin County - December 12, 2019 - 11:21 AM

10.     Defendant is precluded by its contracts with private health insurance from seeking payment for covered services from other sources, including from the patient directly, medical benefits from the patients' automobile insurer, turning the bills over to collections, or filing a lien against patients' property, including personal injury claims.

11.     Defendant did not inform patients at the time of treatment that they would not honor the patients' health insurance if the circumstances created the possibility of another source of recovery. This is true even though Defendant stated and advertised that it was "in-network" for several health insurance carriers, including the named Plaintiff's here.

12.     To the contrary, Defendant represents to patients, including the named Plaintiff here, that Defendant will submit the patient's bill to health insurance and will accept that payment in satisfaction of the patient's bill.

13.     Defendant enters into contracts with patients, including the named Plaintiff in this case, which assign any authorized payment to Defendant by the patients' health insurance. This agreement also indicates that Defendant will submit the patients' charges to health insurance and that the patient will only be responsible for charges not covered by the assignment of insurance benefits (i.e., co-pays and deductibles, etc.).

14.     Patients are unable to submit their medical bills directly to their health insurance as Defendant is the entity responsible for such submission. Indeed, Defendant is the only entity in possession of the information required to make such a submission, and Defendant is the entity that has a contract with the health insurance for reduced compensation for treating patients with health insurance.

15.     The contract between Defendant and health insurance disavows that patients, like the named Plaintiff here, are third-party beneficiaries under the contract. Accordingly,

Electronically Filed - Franklin County - December 12, 2019 - 11:21 AM

Defendant's failure to follow its own contractual obligations has the unfair consequence of depriving patients, like the named Plaintiff here, of the benefit of the bargain those patients made with their health insurance.

16.     Through Defendant's bill collection practices, it attempts to optimize the amount received for services rendered by seeking from patients the full amount billed (or more than it is entitled to for the covered treatment), rather than accepting the discounted amount it has agreed to accept from the patient's health insurance.

17.     By employing such a policy and business model, Defendant has unlawfully violated the rights of Plaintiff and the class members as described below.

Jurisdiction and Venue

18.     This Court has subject matter jurisdiction over this action.

19.     This Court has personal jurisdiction over the parties because the acts and omission which are the subject of this litigation occurred in Missouri.

20.     Venue is appropriate in this Court pursuant to Mo. Rev. Stat. § 508.010.4 which provides: "…in all actions in which there is any count alleging a tort and in which the plaintiff was first injured in the state of Missouri, venue shall be in the county where the plaintiff was first injured by the wrongful acts or negligent conduct alleged in the action." The named Plaintiff was first injured in Franklin County, Missouri.

Electronically Filed - Franklin County - December 12, 2019 - 11:21 AM

Parties

21.     Plaintiff Kim Dames is an adult resident of Franklin County, Missouri.

22.     Defendant Mercy Hospitals East Communities d/b/a Mercy Hospital Washington (hereinafter "Mercy") is a Missouri corporation in good standing with the capacity to sue and be sued in its own name.

Facts Common to All Counts

23.     On Sunday, October 25, 2015, Plaintiff Kim Dames was riding as a passenger in a motor vehicle that was involved in a collision with another motor vehicle.

24.     As a result of the collision, Plaintiff Kim Dames sought medical treatment at Defendant Mercy's emergency room in Washington, Franklin County, Missouri.

25.     On October 25, 2015, Defendant charged Plaintiff Kim Dames $12,382.50 for medical treatment provided to Plaintiff Kim Dames in the emergency room.

26.     At the time of the medical services, Plaintiff Kim Dames had valid health insurance coverage with Anthem.

27.     The contract of insurance between Defendant and Anthem operated to compel the participation of Defendant in accepting discounted payments and adjustments from Anthem to reduce and/or pay towards Plaintiff Kim Dames' patient accounts.

28.     Prior to the receipt of the medical services, Plaintiff Kim Dames provided Defendant with a health insurance card for Plaintiff Kim Dames.

29.     At the time of the medical services, Defendant did not inform Plaintiff that Defendant would not accept Plaintiff's health insurance, nor did Defendant explain that it would seek the balance of Plaintiff's medical bills from her personally, by billing her medical payments coverage, or by placing a lien against her third-party tort claims.

Electronically Filed - Franklin County - December 12, 2019 - 11:21 AM

30. Defendant did not inform Plaintiff that Defendant would remit any funds received from Plaintiff's health insurance and would be pursuing a third-party lien against her personal injury recovery.

31. Defendant is required by its contracts with Plaintiff's health insurance to submit medical bills of insured patients directly to health insurance for payment.

32. Plaintiff was entitled to a contractual reduction in the amount of her medical bills charged by Defendant pursuant to her insurance agreement with Defendant, and to have those bills paid by her health insurance.

33. Plaintiff Kim Dames' damages alleged in this case are economic damages resulting from an improper billing practice.

34. At the time of the collision, Plaintiff Kim Dames was insured under a contract of automobile insurance with Acuity which provided Medical Payments Coverage with policy limits of $5,000.00.

35. On December 18, 2015, Defendant Mercy applied an "INS CONTRACTUAL ADJUSTMENT (INS)" in the amount of $11,806.50 to Plaintiff Kim Dames' account pursuant to a contractual relationship that Defendant Mercy had with Anthem, Plaintiff Kim Dames' health insurance provider.

36. Plaintiff Kim Dames was entitled to a contractual reduction in the amount of her medical bills incurred with Defendant Mercy pursuant to her health insurance's agreement with Defendant Mercy.

37. After applying the contractual adjustment, Plaintiff Kim Dames' account balance was $576.00.

38.     On January 27, 2016, Plaintiff Kim Dames' automobile insurance carrier, Acuity, made a Medical Payments Coverage payment of $5,000.00 to Defendant Mercy, constituting an overpayment of $4,424.00.

39.     On January 29, 2016, Defendant Mercy recreated the bill on Plaintiff Kim Dames' account, applied a "INS CONTRACTUAL ADJUSTMENT (INS)" in the amount of $4,424.00.

40.     On January 29, 2016, Defendant Mercy backed out the contractual adjustment previously applied on December 18, 2015 and increased the total account balance due to the amount of the $5,000.00 Medical Payments Coverage payment.

Class Action Allegations

41.     This action is brought as a plaintiff class action pursuant to Missouri Rule of Civil Procedure 52.08. Plaintiff brings this action on her own behalf and on behalf of all others similarly situated, as representative of the following class:

> All Missouri residents who, since December 6, 2014, received any type of healthcare treatment from any entity located in Missouri that is owned or affiliated with Defendant, while being covered by valid commercial health insurance or an employee health benefit plan governed by the Employee Retirement Income Security Act ("health insurance"), and whose medical bills resulting from that treatment were either not submitted to health insurance for payment or were submitted and thereafter Defendant refunded those payments to their health insurance and Defendant obtained payment for those bills directly from the patient, from an auto insurer, or from the patients' third-party tort recovery.

Electronically Filed - Franklin County - December 12, 2019 - 11:21 AM

Electronically Filed - Franklin County - December 12, 2019 - 11:21 AM

42.     The particular members of the Class are capable of being described without difficult managerial or administrative problems. The members of the Class are readily identifiable from the information and records in the possession or control of Defendant.

43.     The Class consists of hundreds and perhaps thousands of individual members and is, therefore, so numerous that individual joinder of all members is impractical.

44.     There are questions of law and fact common to the Class, which questions predominate over any questions affecting only individual members of the Class and, in fact, the wrongs suffered and remedies sought by Plaintiff and the other members of the Class are premised upon an unlawful scheme perpetuated uniformly upon all the Class members. The only material difference between the Class members' claims is the exact monetary amount to which each member of the Class is entitled. The principal common issues include, but are certainly not limited to the following:

a) Whether Defendant entered into express and/or implied agreements with various health insurance providing, among other things, that health insurance claims should be promptly submitted to health insurance for payment;

b) Whether Defendant violated their contracts with various health insurance by not submitting medical bills to health insurance;

c) Whether Defendant violated their contracts with various health insurance by pursuing recovery for services rendered by placing liens upon patients' property (such as third-party tort claims), pursuing medical payment benefits from auto insurers, pursuing payment directly from the patients, or turning patients' accounts over to collections,

Electronically Filed - Franklin County - December 12, 2019 - 11:21 AM

d) Whether Defendant violated their contracts with various health insurance by not offering a contractually agreed discount to Patients covered by said policies;

e) Whether Defendant has violated its contracts with Plaintiff and the class members by seeking payment for charges that were covered by valid commercial health insurance;

f) Whether Defendant improperly refused to submit the Plaintiff's and the class members' medical bills to Plaintiff's and the class members' health insurance for payment;

g) Whether Defendant employs a policy and business model of refusing to submit otherwise valid health insurance claims, or returning money paid by a health insurance company, in order to increase Defendant's profit or for financial gain;

h) Whether Defendant unlawfully refused to submit the Plaintiff's and the Class members' medical bills to Plaintiff's and the Class members' health insurance for payment;

i) Whether Defendant profited by refusing to submit said medical bills to said health insurance for payment;

j) Whether Defendant utilized aggressive and unfair collection practices to collect medical payments from the Plaintiff and the class members despite the fact that Defendant had chosen to refuse to submit, or refunded monies received from, their charges to the class members' health insurance;

k) Whether Defendant has been unjustly enriched at the expense of Plaintiff and the Class members through the above-described misconduct;

Electronically Filed - Franklin County - December 12, 2019 - 11:21 AM

l) Whether Defendant breached its duty of good faith and fair dealing to the Plaintiff and the Class through the above-described misconduct;

m) Whether Defendant violated the Missouri Merchandising Practices Act through the above-described misconduct;

n) Whether Defendant should be enjoined from continuing its unfair, discriminatory, and abusive conduct.

52.     Plaintiff's claims are typical of those of the Class and are based on the same legal and factual theories.

53.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff has no claims antagonistic to those of the Class. Plaintiff has retained counsel competent and experienced in complex class actions. Counsel is committed to the vigorous prosecution of this action.

54.     Certification of a plaintiff class is appropriate in that Plaintiff and the Class members seek monetary damages, common questions predominate over any individual questions, and a class action is superior for the fair and efficient adjudication of this controversy. A class action will cause an orderly and expeditious administration of the Class members' claims and economies of time, effort and expense will be fostered and uniformity of decisions will be ensured. Moreover, the individual class members are unlikely to be aware of their rights and are not in a position (either through experience or financially) to commence individual litigation against the likes of Defendant.

55.     Alternatively, certification of a plaintiff class is appropriate in that inconsistent or varying adjudications with respect to individual members of the Class would establish incompatible standards of conduct for the Defendant or adjudications with

Electronically Filed - Franklin County - December 12, 2019 - 11:21 AM

respect to individual members of the Class as a practical matter would be dispositive of the interests of the other members not parties to the adjudication or would substantially impair or impede their ability to protect their interests.

56.     Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

Count I
(Missouri Merchandising Practices Act)

57.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

58.     Mo. Rev. Stat. § 407.020 prohibits the use of any "deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . .."

59.     Mo. Rev. Stat. § 407.020 provides:

"Unlawful practices, penalty — exceptions. — 1.  The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce or the solicitation of any funds for any charitable purpose, as defined in section 407.453, in or from the state of Missouri, is declared to be an unlawful practice. ..."

60.     An "unfair practice" is defined by Missouri Code of State Regulation 15 CSR 60-8.020:

Electronically Filed - Franklin County - December 12, 2019 - 11:21 AM

"(1) An unfair practice is any practice which—

(A) Either—

1. Offends any public policy as it has been established by the Constitution, statutes or common law of this state, or by the Federal Trade Commission, or its interpretive decisions; or

2. Is unethical, oppressive or unscrupulous; and

(B) Presents a risk of, or causes, substantial injury to consumers."

61.    An "unfair practice" is further defined by Missouri Code of State Regulation 15 CSR 60-8.040:

"(1) It is an unfair practice for any person in connection with the advertisement or sale of merchandise to violate the duty of good faith in solicitation, negotiation and performance, or in any manner fail to act in good faith (see section 400.2-103(1)(b), Restatement, Second, Contracts section 205)."

62.    Merchandise is defined by the Merchandising Practices Act, § 407.010(4):

"(4)  "Merchandise", any objects, wares, goods, commodities, intangibles, real estate or services;"

63.    Merchandise includes the providing of medical services and billing for the same.

64.    Person is defined by the Merchandising Practices Act, § 407.010(5):

"(5)  "Person", any natural person or his legal representative, partnership, firm, for-profit or not-for-profit corporation, whether domestic or foreign, …"

65.    Plaintiff, the class members, and Defendant are all a "person" as defined by the Missouri Merchandising Practices Act.

Electronically Filed - Franklin County - December 12, 2019 - 11:21 AM

66.     The above described billing practices and related misconduct of Defendant Mercy violated the Missouri Merchandising Practices Act by, among other things, constituting an unfair practice and breach of the duty of good faith as required under the Act.

## Count II
### (Unjust Enrichment)

67.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

68.     Defendant has engaged in a pattern of subverting the financial interests and contractual agreements of Plaintiff and the class members for its own pecuniary gain.

69.     Defendant has been unjustly enriched in that it received and retained the benefits of proceeds to which it was not entitled to and which were received in violation of Missouri law.

70.     Said benefits were conferred on Defendant by Plaintiff and the class members, and unlawfully obtained to the detriment of Plaintiff and the class members.

71.     Defendant's retention of these funds is unjust because payment for the services provided should have come from Plaintiff's and the class members' health insurance, and the reasonable value for Defendant's services determined by the contracts between Defendant and health insurance.

72.     Allowing Defendant to retain the aforementioned benefits violates fundamental principles of justice, equity, and good conscience.

Electronically Filed - Franklin County - December 12, 2019 - 11:21 AM

Count III
(Money Had and Received)

73.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

74.     Defendant has engaged in a pattern of subverting the financial interests and contractual agreements of Plaintiff and the class members for its own pecuniary gain.

75.     Defendant received and obtained possession of the named Plaintiff's and the class members' money.

76.     Defendant appreciated a benefit from receiving and obtaining possession of the named Plaintiff's and the class members' money.

77.     Defendant's acceptance and retention of these funds is unjust.

78.     Defendant received money from the Plaintiff and the class members under circumstances that in equity and good conscience call for the Defendant pay it to Plaintiff and the class members.

79.     Defendant's retention of these funds is unjust because payment for the services provided should have come from the class members' health insurance, and the reasonable value for Defendant's services determined by the contracts between Defendant and health insurance.

80.     Allowing Defendant to retain the aforementioned benefits violates fundamental principles of justice, equity, and good conscience.

Electronically Filed - Franklin County - December 12, 2019 - 11:21 AM

Count IV
(Declaratory Judgment and Injunctive Relief)

81.     Plaintiff incorporates all preceding paragraphs as though fully set forth
herein.

82.     This Court has jurisdiction over Count IV of this action by reason of Mo. Rev.
Stat. § 527.010 et seq.

83.     Defendant was required by its contract with health insurance, including
named Plaintiff's here, to submit Plaintiff's medical bills to Anthem for payment.

84.     Defendant is required by its contracts with various other health insurance to
submit the proposed class members' medical bills directly to health insurance for payment.

85.     Defendant is also required to honor a contractual discount with their
patients' health insurance and accept discounted payments from health insurance in
satisfaction of the patients' debts.

86.     Defendant failed to honor its contractual agreed discount regarding Plaintiff's
medical bills at issue in this case and those of the proposed class members.

87.     Defendant failed to honor its contractual commitment to submit the medical
bills of insured patients to their insurance company.

88.     Defendant is precluded by its contracts with private health insurance, such as
the named Plaintiff's insurer here, from seeking payment for covered services from other
sources, including the patient directly, medical payments benefits from the patients' auto
insurer, or filing liens against patients' property (including personal injury claims).

89.     Defendant is precluded by its own contracts with Plaintiff and the class
members from seeking payment for medical charges that are covered by the insurance
assignment executed by Plaintiff and the class members.

Electronically Filed - Franklin County - December 12, 2019 - 11:21 AM

90.     Defendant has breached these agreements by seeking payment from Plaintiff and receiving payment from Plaintiff's medical payments benefits from Plaintiff's auto insurer.

91.     A real and subsisting controversy exists between the parties concerning the validity of Defendant's policies and procedures.

92.     Plaintiff requests the Court declare that Defendant, through its actions, policies, procedures, and misconduct, has violated the terms of its agreements with the various health insurance providers and said policies and procedures should be declared invalid and void as a matter of law.

93.     Plaintiff further requests the Court enter a permanent injunction enjoining Defendant from engaging in the unlawful billing practices as detailed herein, and for such other and further relief as the Court deems just and proper.

WHEREFORE, Plaintiff Kim Dames prays for judgment against Defendant Mercy Hospitals East Communities d/b/a Mercy Hospital Washington, as follows:

a.     For a declaration that Defendant's actions violated the named Plaintiff's and the class members' rights under Missouri law as pled herein;

b.     For all actual damages, statutory damages, penalties, and remedies available for Defendant's violation of the named Plaintiff's and the class members' rights under Missouri law;

c.     For a declaration that Defendant, through its actions and misconduct as alleged above, has been unjustly enriched and order that Defendant disgorge any unlawfully gained proceeds:

d.     For pre-judgment interest;

16

Electronically Filed - Franklin County - December 12, 2019 - 11:21 AM

e. For post-judgment interest;

f. For a permanent injunction enjoining Defendant from engaging in the unlawful billing practices as enumerated above;

g. For an award to the named Plaintiff and the class members of their reasonable attorneys' fees;

h. For an award to the named Plaintiff and the class members of their costs;

i. For such other and further relief as the Court may deem necessary and proper.

Electronically Filed - Franklin County - December 12, 2019 - 11:21 AM

Date: December 12, 2019

Respectfully submitted,

**ROBINSON BRINKMANN & FULFORD LLC**

/s/ Mark E. Brinkmann
Mark E. Brinkmann, Mo. Bar No. 49950
24 S. Church St.
Union, MO  63084
T: 636-583-7908
F: 636-583-7908
E: mark@attorneysrbf.com

**ROBERTS, WOOTEN & ZIMMER, LLC**

/s/ Charles R. Wooten
Charles R. Wooten, Mo. Bar No. 51250
10438 Business 21
Hillsboro, MO  63050
T: 636-797-2693
F: 636-789-4205
E: charleswooten@rwzlaw.com

**LEAR WERTS LLP**

/s/ Todd C. Werts
Todd C. Werts, Mo. Bar No. 53288
Bradford B. Lear, Mo. Bar No. 53204
2003 W. Broadway, Ste. 107
Columbia, MO  65203
T: 573-875-1991
F: 573-875-1985
E: werts@learwerts.com
E: lear@learwerts.com

ATTORNEYS FOR PLAINTIFFS

Electronically Filed - Franklin County - December 12, 2019 - 11:21 AM

Case Number (For Court Use C

**19AB-CC00264**

# CONFIDENTIAL CASE FILING INFORMATION SHEET – NON-DOMESTIC RELATIONS

**INSTRUCTIONS:**
- ✓ Complete this form for all parties known at the time of filing. Provide the most appropriate Case Type and Party Type codes and descriptions. (Found on the Case Types List and Party Types List at www.courts.mo.gov on the Court Forms/Filing Information page.)
- ✓ If additional space is needed, complete additional Confidential Case Filing Information Sheets.

**NOTE:** The **full** Social Security Number (SSN) is **required** pursuant to Missouri Supreme Court Operating Rule 4.07 if the party is a person and is reasonably available. This is a confidential document. This information is needed to open a case in the court's case management system. While cases deemed public under Missouri statutes can be accessed through Case.net, the day and month of birth, SSN, and confidential addresses are NOT provided to the public through Case.net.

Filing Date: 12/12/2019    County/City of St. Louis: Franklin County

Style of Case: Dames v. Mercy Hospitals East Communities d/b/a Mercy Hospital Washington
(i.e. In the Estate of; In the Matter of; Petitioner  v. Respondent.)

Case Type Code: EC    Case Type Description: Contract - Other

---

Party Type Code: PLT    Party Type Description: Plaintiff

Name (if a person): (Last) Dames    (First) Kim    (Middle)

Organization (if non-person):

Address: 712 Brookside Drive

City: Marthasville    State: MO    Zip: 63357    Contact Telephone Number:

DOB/DOD: ▇▇▇▇    Gender: ☐ Male  ☑ Female    SSN: ▇▇▇▇

Attorney Name (if represented by counsel): Todd C. Werts    Bar ID: 53288    Party Type Code: APLT

---

Party Type Code: DFT    Party Type Description: Defendant

Name (if a person): (Last)    (First)    (Middle)

Organization (if non-person): Mercy Hospitals East Communities d/b/a Mercy Hospital Washington

Address: c/o CSC-Lawyers Incorporating Service Company; 221 Bolivar St.

City: Jefferson City    State: MO    Zip: 65101    Contact Telephone Number:

DOB/DOD:    Gender: ☐ Male  ☐ Female    SSN:

Attorney Name (if represented by counsel):    Bar ID:    Party Type Code:

---

Party Type Code:    Party Type Description:

Name (if a person): (Last)    (First)    (Middle)

Organization (if non-person):

Address:

City:    State:    Zip:    Contact Telephone Number:

DOB/DOD:    Gender: ☐ Male  ☐ Female    SSN:

Attorney Name (if represented by counsel):    Bar ID:    Party Type Code:

---

Submitted by: Todd C. Werts    Bar ID (required if attorney): 53288

Address (if not shown above): Lear Werts LLP; 2003 W. Broadway, Ste. 107

City: Columbia    State: MO    Zip: 65203

Phone: 573-875-1991    Email Address: werts@learwerts.com

*IMPORTANT: It is the parties' responsibility to keep the court informed of any change of address or employment.*



## IN THE 20TH JUDICIAL CIRCUIT, FRANKLIN COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>I I LAMKE | **Case Number:  19AB-CC00264** |
| Plaintiff/Petitioner:<br>KIM DAMES | Plaintiff's/Petitioner's Attorney/Address<br>TODD CHRISTOPHER WERTS<br>2003 WEST BROADWAY<br>SUITE 107<br>COLUMBIA, MO  65203 |
| vs. | |
| Defendant/Respondent:<br> MERCY HOSPITALS EAST COMMUNITIES | Court Address:<br>401 E MAIN ST<br>UNION, MO  63084 |
| Nature of Suit:<br>CC Contract-Other | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:  MERCY HOSPITALS EAST COMMUNITIES**
**Alias:**

DBA MERCY HOSP WASHINGTON
RA CSC LAWYERS INC SERVICE CO
221 BOLIVAR ST
JEFFERSON CITY, MO  65101-1574

*COURT SEAL OF*

*FRANKLIN COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

December 13, 2019 _____ *Bill D. Miller* /s/pmh d.c.
  Date _____ Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with
_____, a person of the defendant's/respondent's family over the age of
15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
  Printed Name of Sheriff or Server          Signature of Sheriff or Server
  **Must be sworn before a notary public if not served by an authorized officer:**
  Subscribed and sworn to before me on _____ (date).
*(Seal)*
  My commission expires: _____          _____
  Date          Notary Public

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - Franklin County - February 18, 2020 - 09:33 AM

IN THE CIRCUIT COURT OF FRANKLIN COUNTY, MISSOURI
THE 20TH JUDICIAL CIRCUIT

| | |
|---|---|
| KIM DAMES,<br><br>                    Plaintiff,<br><br>v.<br><br>MERCY HOSPITALS EAST<br>COMMUNITIES d/b/a MERCY<br>HOSPITAL WASHINGTON,<br><br>                    Defendant. | Case No.  19AB-CC00264 |

APPLICATION FOR CHANGE OF JUDGE

COMES NOW Plaintiff, by and through undersigned counsel, pursuant to Missouri Supreme Court Rule 51.05 and makes this timely application for change of Judge in the above-styled case.

Respectfully submitted,

LEAR WERTS LLP

/s/ Bradford B. Lear
Bradford B. Lear, Mo. Bar No. 53204
Todd C. Werts, Mo. Bar No. 53288
2003 W. Broadway, Ste. 107
Columbia, MO 65203
Telephone:  573-875-1991
Facsimile:  573-875-1985
Email:  lear@learwerts.com
Email:  werts@learwerts.com

Electronically Filed - Franklin County - February 18, 2020 - 09:33 AM

ROBINSON BRINKMANN & FULFORD LLC
Mark E. Brinkmann, Mo. Bar No. 49950
24 S. Church St.
Union, MO  63084
T: 636-583-7908
F: 636-583-7908
E: mark@attorneysrbf.com


ROBERTS, WOOTEN & ZIMMER, LLC
Charles R. Wooten, Mo. Bar No. 51250
10438 Business 21
Hillsboro, MO  63050
T: 636-797-2693
F: 636-789-4205
E: charleswooten@rwzlaw.com

COUNSEL FOR PLAINTIFF


CERTIFICATE OF SERVICE

The above was filed with the Court's Case.net system on this 18th day of February, 2020.

That system will serve copies on all those registered for service therein.


/s/ Bradford B. Lear

2

Electronically Filed - Franklin County - February 18, 2020 - 09:33 AM

IN THE CIRCUIT COURT OF FRANKLIN COUNTY, MISSOURI
THE 20TH JUDICIAL CIRCUIT

KIM DAMES,

                    Plaintiff,

v.

MERCY HOSPITALS EAST
COMMUNITIES d/b/a MERCY
HOSPITAL WASHINGTON,

                    Defendant.

Case No.  19AB-CC00264

APPLICATION FOR CHANGE OF JUDGE

COMES NOW Plaintiff, by and through undersigned counsel, pursuant to Missouri

Supreme Court Rule 51.05 and makes this timely application for change of Judge in the above-

styled case.

Request granted. So ordered:

Date: February 20, 2020

Respectfully submitted,

LEAR WERTS LLP

/s/ Bradford B. Lear
Bradford B. Lear, Mo. Bar No. 53204
Todd C. Werts, Mo. Bar No. 53288
2003 W. Broadway, Ste. 107
Columbia, MO 65203
Telephone:  573-875-1991
Facsimile:  573-875-1985
Email:  lear@learwerts.com
Email:  werts@learwerts.com

Electronically Filed - Franklin County - February 18, 2020 - 09:33 AM

ROBINSON BRINKMANN & FULFORD LLC
Mark E. Brinkmann, Mo. Bar No. 49950
24 S. Church St.
Union, MO  63084
T: 636-583-7908
F: 636-583-7908
E: mark@attorneysrbf.com


ROBERTS, WOOTEN & ZIMMER, LLC
Charles R. Wooten, Mo. Bar No. 51250
10438 Business 21
Hillsboro, MO  63050
T: 636-797-2693
F: 636-789-4205
E: charleswooten@rwzlaw.com

COUNSEL FOR PLAINTIFF


CERTIFICATE OF SERVICE

The above was filed with the Court's Case.net system on this 18th day of February, 2020.

That system will serve copies on all those registered for service therein.


/s/ Bradford B. Lear

Electronically Filed - Franklin County - April 02, 2020 - 03:37 PM

IN THE CIRCUIT COURT OF FRANKLIN COUNTY
STATE OF MISSOURI

KIM DAMES,                              )
                                       )
            Plaintiff,                  )
                                       )        Case No. 19AB-CC00264
v.                                      )
                                       )        Division VI
MERCY HOSPITALS                         )
EAST COMMUNITIES,                       )
                                       )
            Defendant.                  )

**<u>Entry of Appearance</u>**

Jeffrey R. Fink of Thompson Coburn LLP hereby enters his appearance on behalf

of Defendant Mercy Hospitals East Communities.

Respectfully submitted,

THOMPSON COBURN LLP

By /s/ Jeffrey R. Fink
   Jeffrey R. Fink, #44963
   Thompson Coburn LLP
   One US Bank Plaza
   St. Louis, Missouri 63101-1611
   Telephone: 314.552.6000
   Facsimile: 314.552.7000
   jfink@thompsoncoburn.com

   Attorneys for Defendant
   Mercy Hospitals East Communities

Electronically Filed - Franklin County - April 02, 2020 - 03:37 PM

**<u>Certificate of Service</u>**

The undersigned hereby certifies that on April 2, 2020, a true and correct copy of the foregoing was served on all counsel of record via the Missouri Court's electronic filing system.

/s/ Jeffrey R. Fink

Electronically Filed - Franklin County - April 02, 2020 - 03:37 PM

IN THE CIRCUIT COURT OF FRANKLIN COUNTY
STATE OF MISSOURI

KIM DAMES,                              )
                                        )
              Plaintiff,                )
                                        )        Case No. 19AB-CC00264
v.                                      )
                                        )        Division VI
MERCY HOSPITALS                         )
EAST COMMUNITIES,                       )
                                        )
              Defendant.                )

**<u>DEFENDANT'S MOTION TO DISMISS</u>**

Defendant Mercy Hospitals East Communities (Mercy) moves pursuant to Rule 55.27(b)(6) to dismiss the petition of Plaintiff Kim Dames for failure to state a claim upon which relief can be granted because: (1) damages are an essential element of each of Dames' claims; and (2) she pleads no factual support for her allegations that she has incurred any damages.

**<u>Introduction</u>**

Dames was involved in an auto accident. Pet. ¶ 23. She chose to obtain medical treatment at Mercy Hospital Washington. Pet. ¶ 24. She allegedly had coverage for her treatment under: (a) her health insurance policy with Anthem (the Anthem Policy); and (b) the medical payments provision of an automobile insurance policy issued by Acuity (the Acuity Policy). Pet. ¶¶ 26, 34.

Mercy's charges for Dames' treatment were $12,382.50. Pet. ¶ 25. Dames alleges that Mercy billed Acuity for her treatment, that Acuity paid $5,000 to Mercy under the

Electronically Filed - Franklin County - April 02, 2020 - 03:37 PM

medical payments provision of the Acuity Policy, and that Mercy wrote off the balance of its charges. Pet. ¶¶ 38-40.

Dames does not allege (and cannot allege) that she paid anything for her treatment or that Mercy has sought to hold her personally liable for any of its charges. Nevertheless, she has sued Mercy for billing and collecting from Acuity for her treatment. She alleges that under Mercy's provider agreement with Anthem, Mercy agreed to accept a discounted rate of $576 for her treatment. Pet. ¶¶ 27, 32, 35-37. As a result, she alleges that Mercy overcharged *Acuity*—a non-party to Mercy's provider agreement with *Anthem*—for her treatment by $4,424 ($5,000 minus $576). Pet. ¶¶ 38-40. In her petition, she asserts claims against Mercy for violation of the Missouri Merchandising Practices Act (MMPA), Mo. Rev. Stat. § 407.010 *et seq.* (Count I), unjust enrichment (Count II), money had and received (Count III), and breach of contract (Count IV).[1]

All of Dames' claims are legally deficient and should be dismissed because damages (an ascertainable loss) are an essential element of each of her claims and she pleads no factual support for her allegations that she has incurred any damages. She does not allege that she has paid anything to Mercy for her treatment, and she has no damages based on, and cannot recover, the alleged overpayment that Acuity (her insurer) made to Mercy for her treatment. *Roberts v. BJC Health System*, 391 S.W.3d 433, 438-39 (Mo.

---

[1] While Dames calls Count IV of her petition a claim for "declaratory judgment and injunctive relief," her allegations clarify that she is asserting a purported claim for breach of contract. *See* Pet. ¶¶ 83-92.

Electronically Filed - Franklin County - April 02, 2020 - 03:37 PM

banc 2013) (patients had no damages and, thus, no claim against hospitals based on hospitals' alleged overcharging and collection for patients' treatment because hospitals were paid by patients' insurers and patients paid nothing to hospitals); *Freeman Health System v. Wass*, 124 S.W.3d 504, 507-09 (Mo. App. S.D. 2004) (patient had no claim against hospital for its billing and collection practices under MMPA or any other recognized cause of action because patient paid nothing to hospital for his treatment). Dames improperly "seeks to recover monies for alleged overcharges that [she] did not pay," and she "cannot proceed with claims to recover money that incontrovertibly [she] never lost." *Roberts*, 391 S.W.3d at 438-39. The Court should dismiss Dames' petition.

## Argument

To withstand a motion to dismiss, a petition must contain "a short and plain statement of the facts showing that the pleader is entitled to relief." Rule 55.05. As a "fact pleading" state, Missouri law requires a party to plead "ultimate facts," as opposed to factual or legal conclusions. *ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.,* 854 S.W.2d 371, 379 (Mo. banc 1993). "A petition must contain allegations of fact in support of each essential element of the cause sought to be pleaded." *Adem v. Des Peres Hosp., Inc.*, 515 S.W.3d 810, 815 (Mo. App. E.D. 2017) (internal quotations omitted).

Damages (an ascertainable loss) are a required element of each of Dames' claims. *Roberts*, 391 S.W.3d at 438 ("[E[stablishing damages was an essential element of Plaintiffs' claims, and they did not show that they suffered any damages."); *Freeman Health System*, 124 S.W.3d at 507-09; *Hess v. Chase Manhattan Bank, USA, N.A.*, 220

Electronically Filed - Franklin County - April 02, 2020 - 03:37 PM

S.W.3d 758, 773 (Mo. banc 2007) (under Section 407.025.1 of the MMPA, plaintiff "must prove that he has … suffered an ascertainable loss of money or property"); *Binkley v. American Equity Mortgage, Inc.*, 447 S.W.3d 194, 199 (Mo. banc 2014) (plaintiffs had no claim for unjust enrichment because they paid nothing for the preparation of legal documents and, thus, conferred no benefit to the defendant); *Am. Eagle Waste Indus., LLC v. St. Louis Cty.*, 379 S.W.3d 813, 829 (Mo. banc 2012) (breach of implied contract); *Keveney v. Missouri Military Acad.*, 304 S.W.3d 98, 104 (Mo. banc 2010) ("A breach of contract action includes the following essential elements: … damages suffered by the plaintiff.").

Dames has failed to plead any facts establishing any recognized damages. She merely alleges in conclusory form that her "damages alleged in this case are economic damages resulting from an improper billing practice." Pet. ¶ 33. But "Missouri rules of civil procedure demand more than mere conclusions that the pleader alleges without supporting facts." *Transit Cas. Co. ex rel. Pulitzer Pub. Co. v. Transit Cas. Co. ex rel. Intervening Empls.,* 43 S.W.3d 293, 302 (Mo. banc 2001). "Some explanation in one's pleading beyond vague assertion of harm is required." *Id.* Dames' petition fails to meet these standards.

Dames does not allege (and cannot allege) that she has paid anything to Mercy for her treatment or that Mercy has sought to hold her personally liable for any of its charges. To the contrary, she alleges that Acuity paid for her treatment. When, as here, a patient has paid nothing for her treatment, she has no damages or ascertainable loss and, thus,

Electronically Filed - Franklin County - April 02, 2020 - 03:37 PM

she has no claim under the MMPA or any other legal theory for damages, declaratory relief, or injunctive relief. *Freeman Health Center*, 124 S.W.3d at 507-09.

Dames complains that Mercy billed and collected $5,000 from Acuity (her automobile medical payments insurer) for her treatment when, pursuant to Mercy's provider agreement with Anthem (her health insurer), Mercy allegedly should have only received a discounted rate of $576. Even if Dames' allegation were true, which it is not[2], under the Missouri Supreme Court's decision in *Roberts*, 391 S.W.3d 433, Dames has no damages based on Acuity's payment to Mercy and she cannot recover any portion of Acuity's payment to Mercy.

In *Roberts*, the Court held that the plaintiffs, who were insured patients, had no damages and, thus, no claim against the defendant hospitals based on the hospitals' alleged overcharging of the patients' insurers for the patients' treatment because the hospitals were paid for the patients' treatment by the insurers, not the patients. 391 S.W.3d at 438-39. The Court reasoned:

> Summary judgment was warranted because establishing damages was an essential element of Plaintiffs' claims, and they did not show that they suffered any damages. Plaintiffs concede that they have not suffered

---

[2] Although beyond the scope of this motion to dismiss, Mercy denies that its provider agreement with *Anthem* precluded Mercy from billing and collecting $5,000 from *Acuity* for Dames' treatment. Indeed, Judge Audrey Fleissig of the United States District Court for the Eastern District of Missouri rejected an identical claim brought by another Mercy patient and held that Mercy was allowed under this same Anthem provider agreement to bill and collect $5,000 from the patient's automobile medical payments insurer (State Farm) for the patient's treatment, even though the discounted rate under the Anthem provider agreement was only $1,045. *See Hoops v. Med. Reimbursements of Am., Inc.*, No. 4:16-CV-01543-AGF, 2018 WL 1138464, at *11-14 (E.D. Mo. Mar. 2, 2018).

Electronically Filed - Franklin County - April 02, 2020 - 03:37 PM

an injury-in-fact or damages by way of being billed for any overcharges. Instead, Plaintiffs ask this Court to declare that they have established damages by showing that they have *potential liability* for their treatment costs because they contracted to pay any costs not paid by their insurers. They argue that *legal liability for potential damages* is sufficient to survive Defendants' motions for summary judgment.

This Court, however, is not persuaded by Plaintiffs' assertions that they suffered damages merely by entering an agreement to pay if their insurers did not. On the facts here, Plaintiffs' insurers were billed for and paid the alleged overcharges, and Plaintiffs' *potential* liability remained a speculative harm that did not materialize. Plaintiffs seek to recover monies for alleged overcharges that they did not pay and would not have to pay if Defendants improperly charged them. This Court agrees with the circuit court that Plaintiffs cannot proceed with claims to "recover money that incontrovertibly they never lost."

*Id.* (emphasis in original) (citations omitted).

While the Court decided *Roberts* on summary judgment, the reasoning in *Roberts* compels dismissal of Dames' claims in the present case. Like the plaintiffs in *Roberts*, Dames has not alleged that she suffered any cognizable damages, she improperly "seeks to recover monies for alleged overcharges that [she] did not pay," and she "cannot proceed with claims to recover money that incontrovertibly [she] never lost." If Mercy improperly billed and received payment from Acuity for Dames' treatment, which Mercy denies, any potential claim to recover the payment belongs to Acuity, not Dames. *Roberts*, 391 S.W.3d at 440 ("Plaintiffs never had legal title to any claims related to their insurers' payments for alleged overcharges").[3]

---

[3] Under Missouri law, Acuity cannot seek reimbursement from Dames for its payment to Mercy, and, consequently, Dames has no potential liability to Acuity. *Benton House, LLC v. Cook & Younts Ins., Inc.*, 249 S.W.3d 878, 881 (Mo. App. W.D. 2008).

Electronically Filed - Franklin County - April 02, 2020 - 03:37 PM

### Conclusion

Under *Roberts* and *Freeman Health System*, Dames has not pled any recognized damages because she alleges that her insurer (Acuity), not she, paid Mercy for her treatment. Having failed to plead any recognized damages, Dames does not state a claim upon which relief can be granted. The Court should dismiss Dames' petition.

Respectfully submitted,

THOMPSON COBURN LLP

By /s/ Jeffrey R. Fink
   Jeffrey R. Fink, #44963
   Thompson Coburn LLP
   One US Bank Plaza
   St. Louis, Missouri 63101-1611
   Telephone: 314.552.6000
   Facsimile: 314.552.7000
   jfink@thompsoncoburn.com

   Attorneys for Defendant
   Mercy Hospitals East Communities

### Certificate of Service

The undersigned hereby certifies that on April 2, 2020, a true and correct copy of the foregoing was served on all counsel of record via the Missouri Court's electronic filing system.

/s/ Jeffrey R. Fink

- 7 -

Electronically Filed - Franklin County - July 06, 2020 - 02:57 PM

IN THE CIRCUIT COURT OF FRANKLIN COUNTY
STATE OF MISSOURI

KIM DAMES,                    )
                                   )
          Plaintiff,          )
                                   )     Case No. 19AB-CC00264
v.                            )
                                 )     Division VI
MERCY HOSPITALS        )
EAST COMMUNITIES,      )
                                 )
         Defendant.     )

## NOTICE OF HEARING

PLEASE TAKE NOTICE that Defendant Mercy Hospitals East Communities will call up for hearing its **MOTION TO DISMISS** on **Monday, July 20, 2020 at 10:00 a.m.** before the Honorable David Hoven in the Circuit Court of Franklin County, Division VI.

Respectfully submitted,

THOMPSON COBURN LLP

By /s/ Jeffrey R. Fink
    Jeffrey R. Fink, #44963
    Thompson Coburn LLP
    One US Bank Plaza
    St. Louis, Missouri 63101-1611
    Telephone: 314.552.6000
    Facsimile: 314.552.7000
    jfink@thompsoncoburn.com

    *Attorneys for Defendant*
    *Mercy Hospitals East Communities*

Electronically Filed - Franklin County - July 06, 2020 - 02:57 PM

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 6, 2020, a true and correct copy of the foregoing was served on all counsel of record via the Missouri Court's electronic filing system.

/s/ *Jeffrey R. Fink*

Electronically Filed - Franklin County - July 16, 2020 - 10:25 AM

IN THE CIRCUIT COURT OF FRANKLIN COUNTY, MISSOURI
THE 20ᵀᴴ JUDICIAL CIRCUIT

| | |
|---|---|
| KIM DAMES, <br><br>             Plaintiff, <br><br> v. <br><br> MERCY HOSPITALS EAST COMMUNITIES d/b/a MERCY HOSPITAL WASHINGTON, <br><br>             Defendant. | Case No.  19AB-CC00264 |

PLAINTIFF'S UNOPPOSED MOTION TO CONTINUE HEARING

COMES NOW Plaintiff, by and through undersigned counsel, for her Unopposed Motion to Continue Hearing, and states as follows:

1.	This matter is set for hearing on Defendant's Motion to Dismiss and for status conference on Monday, July 20, 2020.

2.	Due to the press of business in other matters, Plaintiff has not yet finalized her Suggestions in Opposition to the defendant's pending motion to dismiss.

3.	Counsel for the parties have agreed that all interests, including the Court's, would be best served by continuing the hearing to August 31, 2020 at 10:00 a.m.

4.	This will allow Plaintiff to file her Suggestions in Opposition to the Motion to dismiss by Friday, August 7, 2020 and for Defendant to file any reply brief it may wish to file by Friday August 21, 2020.

Electronically Filed - Franklin County - July 16, 2020 - 10:25 AM

5.     This requested continuance is not brought to cause undue delay. Rather, this revised briefing and hearing schedule will provide the parties and the Court with sufficient time to address the issues raised in this case.

6.     Counsel for the parties have discussed this motion and Defendant is not opposed to the Court granting the relief requested herein.

WHEREFORE Plaintiff prays the Court enter an order continuing the July 20, 2020 hearing to August 31, 2020 at 10:00 a.m. and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

LEAR WERTS LLP

/s/ Todd C. Werts
Bradford B. Lear, Mo. Bar No. 53204
Todd C. Werts, Mo. Bar No. 53288
103 Ripley Street
Columbia, MO 65201
Telephone:  573-875-1991
Facsimile:  573-279-0024
Email:  lear@learwerts.com
Email:  werts@learwerts.com


ROBINSON BRINKMANN & FULFORD LLC
Mark E. Brinkmann, Mo. Bar No. 49950
24 S. Church St.
Union, MO  63084
T: 636-583-7908
F: 636-583-7908
E: mark@attorneysrbf.com


ROBERTS, WOOTEN & ZIMMER, LLC
Charles R. Wooten, Mo. Bar No. 51250
10438 Business 21

Electronically Filed - Franklin County - July 16, 2020 - 10:25 AM

Hillsboro, MO  63050
T: 636-797-2693
F: 636-789-4205
E: charleswooten@rwzlaw.com

COUNSEL FOR PLAINTIFF


CERTIFICATE OF SERVICE

The above was filed with the Court's Case.net system on this 16th day of July, 2020. That system will serve copies on all those registered for service therein.


/s/ Todd C. Werts_____

Electronically Filed - Franklin County - August 07, 2020 - 05:09 PM

IN THE CIRCUIT COURT OF FRANKLIN COUNTY
STATE OF MISSOURI

KIM DAMES,

               Plaintiff,

     v.                          Case No. 19AB-CC00264

MERCY HOSPITALS EAST        Division VI
COMMUNITIES,

             Defendant.

PLAINTIFF'S SUGGESTIONS IN OPPOSITION TO MOTION TO DISMISS

Kim Dames was injured in a car crash on October 25, 2015. Pet. ¶ 23. She received treatment for her injuries at Mercy Hospital. *Id.* at ¶ 24. Ms. Dames had health insurance to pay for her treatment. *Id.* at ¶ 26. And she had separately paid for "medical payments coverage" through her automobile insurance carrier that would cover any out-of-pocket expenses she had (such as copays, co-insurance, or otherwise). *Id.* at ¶ 34. To receive payment for the treatment provided through its hospital, Mercy simply needed to submit its bills to Ms. Dames's health insurance. *Id.* at ¶ 32. And indeed, they did. But they also simultaneously billed Ms. Dames's automobile insurance carrier under her "medical payment coverage" policy. *Id.* at ¶¶ 25, 35–39. Under the health insurance, Mercy's $12,000 bill would be reduced to $600 in allowable charges. *Id.* at ¶ 37. But the automobile insurance was willing to tender the full $5,000 in available coverage upon receipt of the bill. *Id.* at ¶ 38. Of course, that left Ms. Dames with no other funds available from her medical payments coverage to pay other bills and deprived her of the benefit of her health insurance coverage.

Electronically Filed - Franklin County - August 07, 2020 - 05:09 PM

Nonetheless, putting its interests ahead of that of its patient, Mercy ignored the health insurance write-down and pocketed the full $5,000. *Id.* at ¶¶ 38–40. As explained below, that scheme unjustly enriches Mercy at the expense of its patients and violates the Missouri Merchandising Practices Act.

ARGUMENT

Plaintiff has brought claims under the Missouri Merchandising Practices Act, common law unjust enrichment, and for money had and received. *See* Pet. ¶¶ 11–14. In addition to money damages, Plaintiff also seeks declaratory judgment and injunctive relief.[1] A motion to dismiss is merely "a test of the sufficiency of the plaintiff's pleadings." *R.M.A. v. Blue Springs R-IV Sch. Dist.*, 568 S.W.3d 420, 424 (Mo. 2019) (internal quotation omitted). "When considering whether a petition fails to state a claim upon which relief can be granted, this Court must accept all properly pleaded facts as true, giving the pleadings their broadest intendment, and construe all allegations favorably to the pleader. The Court does not weigh the factual allegations to determine whether they are credible or persuasive." *Id.* And the Court may consider the fact that plaintiff has not yet been afforded the benefit of discovery. *Cf. Morgan v. St. Luke's Hosp. of Kan. City,* 403 S.W.3d 115, 119 (Mo. Ct. App. 2013).

---

[1] Defendant characterizes certain of Plaintiff's claims as sounding in contract. *See* Mtn. at 2, n.1. But Plaintiff has brought no such claim. While the distinction is not material to the instant motion, Plaintiff's counts for declaratory judgment and injunctive relief are not contract claims, rather they are alternative remedies under her substantive claims. *See Mo. State Conf. of the NAACP v. State of Mo.,* 2020 Mo. LEXIS 248, *8 (Mo. banc June 23, 2020) (stating elements of declaratory judgment remedy); *Hartman v. Logan*, 2020 Mo. App. LEXIS 683, 20 n.9 (Mo. Ct. App. May 26, 2020) (explaining that request for injunctive relief is remedy not a separate claim).

Electronically Filed - Franklin County - August 07, 2020 - 05:09 PM

Mercy brings a one-dimensional attack on the Petition. *See* Mtn. at 3–4. That is, it claims the facts alleged in the Petition fail to show how Ms. Dames was damaged. *Id.* at 4. But the Petition describes how Mercy took the proceeds of Ms. Dames' medical payments coverage without regard to her healthcare coverage. As an initial matter, the Missouri Court of Appeals has previously ruled that a petition for damages under the MMPA and unjust enrichment states a claim when it alleges a hospital has sought to collect on a medical bill without crediting a patient's healthcare insurance. *See Morgan*, 403 S.W.3d at 120. But Mercy's argument also ignores the simple fact that the proceeds from Ms. Dames' medical payments coverage were her property. *See Preston v. Preston*, 189 S.W.3d 685, 688–89 (Mo. Ct. App. 2006) (dividing insurance proceeds as marital property capable of identification and division). And Mercy took all of that property for its own benefit. *See* Pet. at ¶¶38–40. Ms. Dames could have applied those funds to any other medical bills she may have had following the crash. An unjust conversion or deprivation of a person's property causes damage. Mercy's motion should be overruled.

1. **Ms. Dames had a property interest in the proceeds of her medical payments coverage.**

The Petition alleges that at the time of the car crash at issue, Ms. Dames was insured by both a healthcare insurance policy and a medical payments policy. *See* Pet. ¶¶ 26, 34. The Petition also alleges that Mercy refused to apply the healthcare policy and honor its contractual discounts. *Id.* at ¶¶ 1–6, 28–30. Rather, Mercy took 100% of the proceeds from Ms. Dames' medical payments coverage without regard to the healthcare policy. *Id.* at ¶¶ 35–40. But the proceeds of Ms. Dames' optional, medical payments coverage was her property. And the crux of this case is that Plaintiff claims that Mercy had no right to seize it. If that claim

Electronically Filed - Franklin County - August 07, 2020 - 05:09 PM

is proven true, Ms. Dames will be entitled to judgment. At this stage, that fact must be assumed true, and thus the motion to dismiss must be denied.

### 1.1.   Mercy's refusal to apply Ms. Dames' healthcare insurance deprived her of the benefit of both her healthcare coverage and the optional medical payments coverage that she paid for.

Ms. Dames went into the car crash that caused her injury insured both under a healthcare policy and a medical payments policy. *See* Pet. at ¶¶ 26, 34. That is, Ms. Dames took the steps necessary to have multiple coverages to protect herself.[2] It is well-recognized that such double-coverage can allow for an injured party to receive payment from multiple sources for the same injury. *See, e.g., Douthet v. State Farm Mut. Auto. Ins. Co.*, 546 S.W.2d 156, 159 (Mo. banc 1977) ("this last argument by defendant overlooks the fact that such a result regularly occurs when a plaintiff receives payments from a source unconnected with defendant such as hospitalization insurance."); *see also Truman Med. Ctr., Inc. v. Progressive Cas. Ins. Co.*, 597 S.W.3d 362, 369 (Mo. Ct. App. Feb. 25, 2020) ("A patient receiving medical treatment may have several types of first-party insurance coverage which could provide

---

[2] Medical payments coverage, sometimes referred to as Med Pay, is not compulsory insurance. *See* Mo. Rev. Stat. § 379.203.1. Rather, it is an optional coverage that Missouri drivers can obtain where, in exchange for an additional premium, the insurance company is obligated to pay the cost of medical bills incurred from a motor vehicle crash. *See, e.g., Kuda v. American Family Mut. Ins. Co.*, 790 S.W.2d 464, 466 (Mo. Ct. App. 1990) (explaining that medical payments coverage is optional contractual source of funds to pay medical expenses).

Electronically Filed - Franklin County - August 07, 2020 - 05:09 PM

compensation to the patient (or the patient's survivors) for damages associated with the patient's injuries.").[3]

If multiple insurance proceeds cause a windfall, that windfall belongs to the patient—who paid for the coverages in the first instance—not the healthcare provider. *See, e.g., Shelter Mut. Ins. Co. v. Ganaway*, 694 S.W.2d 521, 523 (Mo. Ct. App. 1985) (noting that any benefit or windfall created by such optional coverage "under the collateral source rule runs to the party who created the insurance fund by purchasing the coverage."). Ms. Dames' insurance proceeds were her property. *Cf. Preston*, 189 S.W.3d at 688–89.  She should have been able to use the proceeds from her medical payments coverage to pay any amounts not covered by her healthcare insurance. *See* Pet. at ¶ 37. But Mercy intercepted those proceeds to avoid having to accept a discounted rate under Ms. Dame's health insurance policy and ultimately increase the amount it was able to charge for its services. *Id.* at ¶¶ 38–40. That deprived Ms. Dames of money that she could have otherwise used. This alleges damages and Mercy's motion should fail.

### 1.3.    The cases relied upon by Mercy are inapposite.

In support of its argument, Mercy relies primarily on two cases. But those cases presented different factual scenarios and are not applicable here. Accordingly, neither case leads to the harsh conclusion Mercy advances, *i.e.,* the dismissal of Plaintiff's case.

---

[3] In a footnote, Mercy references the federal court case *Hoops v. Med. Reimbursement of Am., Inc.* where a federal court allowed the billing practice challenged here*. See* Mtn. at 5, n.2. The *Truman Med. Ctr.* court faced a similar argument where there was a federal court case that allowed the billing practice that the Missouri Court of Appeals ultimately found violated Missouri law.  *See Truman Med. Ctr.*, 597 S.W.3d at 371. As the Court of Appeals reminded, federal court decisions are not binding on this Court's determination of Missouri law. *Id.*

Electronically Filed - Franklin County - August 07, 2020 - 05:09 PM

In *Roberts v. BJC Health Sys.*, 391 S.W.3d 433 (Mo. 2013), the medical providers were engaged in an unquestionably fraudulent insurance billing scheme based on submitting improper insurance billing codes to workers' compensation and healthcare insurance carriers. *Id.* at 436. Indeed, certain of the perpetrators plead guilty to federal criminal charges. *Id.* Following the criminal pleas in *Roberts*, some patients filed a civil suit for damages. *Id.* Summary judgment was granted, and affirmed, on the basis that no plaintiff was able to show that he or she actually suffered any harm as a result of the billing scheme. *Id.* Rather, the court held that the insurance companies were the only entities harmed by the scheme and thus the "owners of any claims" arising from the situation. *Id.* at 440 (quotations in original).

While both *Roberts* and this case both allege instances of billing sleight-of-hand, the difference is that the defendants in *Roberts* limited themselves to insurance coverage that could only benefit them. That is, the scheme was solely directed at the insurance companies, for proceeds that could not have been used to satisfy any other medical bills of the patients. Here, Mercy took Ms. Dames' medical payment coverage benefit that could have been applied to other medical bills. *Cf. Shelter Mut. Ins. Co. v. Ganaway*, 694 S.W.2d 521, 522 (Mo. Ct. App. 1985) (explaining how medical payments coverage could have been used in that case to pay other medical bills). *Roberts* does not allow Mercy to evade liability here.

In *Freeman Health System v. Wass*, 124 S.W.3d 504 (Mo. Ct. App. 2004), a patient received medical care from a hospital. *Id.* at 505. The hospital submitted a bill for which the patient never made any payment whatsoever or tendered anything of value. *Id.* When the hospital sued to recover its totally unpaid bill, the patient counterclaimed alleging that the amount charged was unreasonable and thus a violation of the MMPA. *Id.* This counterclaim

Electronically Filed - Franklin County - August 07, 2020 - 05:09 PM

was dismissed under a strict reading of the MMPA's requirement that any such claim be based on a "purchase." *Id.* at 506. Because that plaintiff gave nothing of value for the services, she did not have an MMPA claim. *Id.* Here, Ms. Dames alleges quite the opposite. The claim here is that not only did Ms. Dames present her healthcare insurance, an exchange of value that Mercy initially purported to accept, Mercy also took 100% of her $5,000 medical payments coverage. There is no question Mercy obtained things of value of their services. Beyond that, Ms. Dames also brings claim for unjust enrichment and money had and received. Neither of those claims are addressed by *Freeman*. Accordingly, *Freeman* also fails to carry the day for Mercy here.

**2.      Missouri courts recognize that a hospital's refusal to apply healthcare insurance states a claim under the Missouri Merchandising Practices Act.**

Finally, while the case did not turn on the question of ascertainable loss specifically, it bears noting that the Missouri Court of Appeals has already held that Ms. Dames' petition states a claim. In *Morgan v. St. Luke's*, a patient like Ms. Dames, sought treatment following a car crash. *See Morgan*, 403 S.W.3d at 116. The hospital refused to accept the patient's healthcare insurance, which again like Ms. Dames' here, afforded a contractual discount. *Id.* Instead, the hospital sought to recover under the hospital lien statute. *Id.* The plaintiff in *Morgan* brought an MMPA claim and a claim for unjust enrichment challenging this practice but the petition was dismissed by the trial court. *Id.* at 116–17. The Court of Appeals reversed holding that the well-pleaded facts in that petition established—like the facts alleged here— that the hospital was compelled to accept the patient's insurance and apply the contractual discount. *Id.* at 119–20. It was reversable error in *Morgan* to grant the motion to dismiss against those allegations. Mercy's motion invites this Court to commit the same error.

Electronically Filed - Franklin County - August 07, 2020 - 05:09 PM

CONCLUSION

Mercy's argument that Ms. Dames did not suffer an ascertainable loss ignores the simple fact that the medical payments coverage she paid for was hers to utilize as she saw fit. Mercy's policy of declining to accept its patients' healthcare insurance when it can squeeze more money from another source deprives its patients of the benefits of their insurance. Such insurance proceeds are recognized as property in Missouri and have value. Mercy cannot argue that Ms. Dames was unharmed simply because the accounting performed to advance their billing scheme was done directly through the insurance companies, rather than through her. The result is the same. Mercy deprived Ms. Dames of her property. Ms. Dames has alleged a practice whereby Mercy was enriched in a way that a Franklin County jury could find to be unfair and unjust. As found in *Morgan*, this states a claim under Missouri law and Mercy's motion should be overruled.

Respectfully submitted,

LEAR WERTS LLP

/s/ Todd C. Werts
Bradford B. Lear, Mo. Bar No. 53204
Todd C. Werts, Mo. Bar No. 53288
103 Ripley Street
Columbia, MO 65201
Telephone:  573-875-1991
Facsimile:  573-279-0024
Email:  lear@learwerts.com
Email:  werts@learwerts.com

8

Electronically Filed - Franklin County - August 07, 2020 - 05:09 PM

ROBINSON BRINKMANN & FULFORD LLC
Mark E. Brinkmann, Mo. Bar No. 49950
24 S. Church St.
Union, MO  63084
T: 636-583-7908
F: 636-583-7908
E: mark@attorneysrbf.com


ROBERTS, WOOTEN & ZIMMER, LLC
Charles R. Wooten, Mo. Bar No. 51250
10438 Business 21
Hillsboro, MO  63050
T: 636-797-2693
F: 636-789-4205
E: charleswooten@rwzlaw.com

COUNSEL FOR PLAINTIFF


CERTIFICATE OF SERVICE

The above was filed with the Court's Case.net system on this 7th day of August, 2020.

That system will serve copies on all those registered for service therein.


/s/ Todd C. Werts

Electronically Filed - Franklin County - August 21, 2020 - 09:14 AM

IN THE CIRCUIT COURT OF FRANKLIN COUNTY
STATE OF MISSOURI

KIM DAMES,                              )
                                       )
          Plaintiff,                   )
                                       )      Case No. 19AB-CC00264
v.                                     )
                                       )      Division VI
MERCY HOSPITALS                        )
EAST COMMUNITIES,                      )
                                       )
          Defendant.                   )

**DEFENDANT'S REPLY MEMORANDUM
IN SUPPORT OF ITS MOTION TO DISMISS**

**1.     Dames fails to allege any facts establishing that she has incurred any damages because she fails to allege any facts showing that she would have been entitled to receive any payment from Acuity (her automobile medical payments insurer) if Mercy had billed and collected from Anthem (her health insurer) instead of Acuity for her treatment.**

Plaintiff Kim Dames concedes that damages are an essential element of each of her claims against Defendant Mercy. But her petition contains no allegations of fact establishing that she has incurred any damages. Absent such factual allegations, her petition fails to state a claim upon which relief can be granted and should be dismissed. *Transit Cas. Co. ex rel. Pulitzer Pub. Co. v. Transit Cas. Co. ex rel. Intervening Empls.,* 43 S.W.3d 293, 302 (Mo. banc 2001).

Dames complains that Mercy billed and collected from Acuity (her automobile medical payments insurer) for her treatment at Mercy when, pursuant to Mercy's provider agreement with Anthem (her health insurer), Mercy allegedly should have billed

Electronically Filed - Franklin County - August 21, 2020 - 09:14 AM

and collected only from Anthem. But Dames never alleges any facts showing that she would have been entitled to receive any payment from Acuity if Mercy had billed and collected only from Anthem. Absent such an allegation, she has incurred no potential damage from Mercy's billing and collection from Acuity for her treatment.

The only medical treatment alleged in the petition is Dames' treatment at Mercy. Dames would not have been entitled to any payment from Acuity for her treatment at Mercy if Mercy had billed and collected only from Anthem. Her "loss" for insurance purposes was the cost of her treatment at Mercy, and she could not have sought indemnification from Acuity for this loss (the cost of her treatment) if Anthem had covered this loss (the cost of her treatment). Under Missouri law, when there is concurrent insurance coverage, "an insured's right of recovery is restricted to the actual amount of its loss" and the insured (e.g., Dames) cannot recover from one insurer (e.g., Acuity) when another insurer (e.g., Anthem) has already covered the loss. *Heartland Payment Systems, L.L.C. v. Utica Mut. Ins. Co.*, 185 S.W.3d 225, 232 (Mo. App. E.D. 2006); *see also Macheca Transp. Co. v. Philadelphia Indem. Ins. Co.*, No. 4:04-CV-178 CEJ, 2012 WL 5948900, at *4 (E.D. Mo. Nov. 28, 2012) ("Had plaintiffs received no coverage from either insurer, plaintiffs could have sought the full amount of loss from each insurer and evidence of the concurrent coverage offered for the purpose of reducing damages may well have been excluded. However, since Travelers did not contest coverage and made payments to plaintiffs prior to the filing of this lawsuit, plaintiffs were not entitled to recover for those amounts already paid by Travelers for the same loss."), *aff'd in part, rev'd in part*, 737 F.3d 1188 (8th Cir. 2013); *Fireman's Fund Ins.*

Electronically Filed - Franklin County - August 21, 2020 - 09:14 AM

*Co. v. Maryland Cas. Co.*, 77 Cal. Rptr. 2d 296, 305 (1998) ("The fact that several insurance policies may cover the same risk does not increase the insured's right to recover for the loss, or give the insured the right to recover more than once. Rather, the insured's right of recovery is restricted to the actual amount of the loss."). The total recovery by the insured (e.g., Dames) is "restricted to the actual loss since the contract is one of indemnity only." *M. F. A. Mut. Ins. Co. v. Gulf Ins. Co.*, 445 S.W.2d 829, 833 (Mo. 1969).

"[M]edical and hospital expense insurance is not insurance in the usual sense, providing benefits upon the occurrence of an event. It is by definition a contract of indemnity, *See* Couch on Insurance 2d (Rev ed) § 41A:42, intended to indemnify and hold the insured harmless from obligations he is by law compelled to pay." *Bloebaum v. Gen. Am. Life Ins. Co.*, 734 S.W.2d 539, 540 (Mo. App. E.D. 1987). According to Dames, Anthem would have extinguished her financial obligation to Mercy if Mercy had billed and collected from Anthem. Dames would not have able to recover anything from Acuity for her treatment at Mercy because she could not seek "indemnification for a loss [she] did not sustain." *Bloebaum*, 734 S.W.2d at 541. "Payment of benefits for unsustained expenses is not only contrary to the express language and obvious intent of the contract, but would also contribute substantially to the spiralling [sic] inflation of rates for group medical expense insurance plans." *Id.*

In her opposition, but not her petition, Dames asserts that her medical payments coverage with Acuity "would cover any out-of-pocket expenses she had (such as copays, co-insurance, or otherwise)" and that "Mercy took Ms. Dames' medical payments

Electronically Filed - Franklin County - August 21, 2020 - 09:14 AM

coverage benefit that could have been applied to other medical bills." Pl.'s Opp. at 1, 6.

However, Dames never alleges in her petition that she has paid or otherwise incurred any

out-of-pocket expenses or medical bills for any medical treatment that she received from

Mercy or any other provider. (She only alleges that she received medical treatment from

Mercy.) Absent such allegations, she fails to plead any factual basis that she would have

received any payment from Acuity if Mercy had billed and collected from Anthem

instead of Acuity. In turn, she fails to allege any damages resulting from Mercy's billing

and collection from Acuity for her treatment. Thus, her petition fails to state a claim upon

which relief can be granted.

### 2. The collateral source rule is inapplicable.

On pages 4-5 of her opposition, Dames invokes the collateral source rule. The

collateral source rule does not apply here "as the rule cannot create damages for Plaintiffs

where none existed." *Roberts v. BJC Health Sys.*, 391 S.W.3d 433, 439 (Mo. banc 2013).

> Application of the collateral source rule prevents an alleged tortfeasor from
> attempting to introduce evidence at trial that the plaintiff's damages will be
> covered, in whole or in part, by the plaintiff's insurance or another
> source.  The collateral source rule expresses the policy that a wrongdoer
> should not enjoy reduced liability because the person he harmed was
> protected from expenditures by insurance coverage or by payment from
> another source.

*Id.* Mercy is not a tortfeasor as it did not cause the injuries for which Dames sought

treatment from Mercy. Moreover, Mercy is not seeking to reduce any purported liability

to Dames based on any payments that Dames received from any collateral source. Indeed,

Dames is complaining that she did not receive any payments from Acuity. Thus, the

collateral source rule in inapplicable.

- 4 -

Electronically Filed - Franklin County - August 21, 2020 - 09:14 AM

In *Roberts*, the Supreme Court of Missouri held that the plaintiffs, who were insured patients, had no damages and, thus, no claim against the defendant hospitals based on the hospitals' alleged overcharging of the patients' insurers for the patients' treatment because the hospitals were paid for the patients' treatment by the insurers, not the patients. 391 S.W.3d at 438-39. The Court rejected Plaintiffs' contention that they had damages under the collateral source rule because "there was no collateral source of payments to Plaintiffs for their damages, as Plaintiffs did not suffer damages." *Id.* Likewise, there has been no collateral source of payments to Dames for her alleged damages from Mercy's billing and collection from Acuity. Thus, Dames cannot rely on the collateral source rule to avoid the fatal flaw with her petition—her failure to allege any facts establishing any damages.

**3.** ***Morgan v. Saint Luke's Hosp. of Kansas City* is inapposite and provides no support for Dames' claims because the *Morgan* case addressed hospital liens under RSMo § 430.230, not the interaction of an insured's health insurance and medical payments coverages.**

Dames cites *Morgan v. Saint Luke's Hosp. of Kansas City*, 403 S.W.3d 115 (Mo. App. W.D. 2013), for the proposition that "a petition for damages under the MMPA and unjust enrichment states a claim when it alleges a hospital has sought to collect on a medical bill without crediting a patient's healthcare insurance." Pl.'s Opp. at 3. Dames mischaracterizes the *Morgan* case, which is inapposite and provides no support for her claims.

In *Morgan*, the court construed the Missouri hospital lien statute, RSMo § 430.230. The court summarized the facts in that case as follows:

Electronically Filed - Franklin County - August 21, 2020 - 09:14 AM

St. Luke's first submitted its bill to Ms. Morgan's health insurance and received payment from that insurance for such bill, all pursuant to the agreement between Ms. Morgan's health insurance and St. Luke's. This same agreement entitled Ms. Morgan to a contractual reduction in the amount of her medical bills incurred with St. Luke's. Then St. Luke's returned the funds received from the health insurance company and instead filed a lien against any recovery in Ms. Morgan's third party tort claim against the other driver in the accident. The lien was for the total amount of services rendered, without a reduction.

403 S.W.3d at 116. The court stated:

At issue in this appeal is whether section 430.230 allows a healthcare provider to file a lien on a patient's claim against a third-party tortfeasor despite (1) the existence of a health insurance contract between the provider and the patient's health insurance company providing for a discount in the amount of the patient's medical bills, and (2) the payment of the discounted amount from the insurer to the provider.

*Id.* at 117. The court held that if the patient's allegations in her petition were true, the hospital could not assert any lien after the hospital had billed the patient's health insurer and received payment from the health insurer because "according to the pleadings here, [the 'patient's] debt has been extinguished" by the health insurer's payment to the hospital and "[a] lien cannot exist in the absence of a debt." *Id.* at 120. The court observed:

This question is one of first impression in Missouri. Courts in other states with hospital lien statutes have considered this issue under various factual circumstances, and most courts generally hold that a healthcare provider covered under the hospital lien statute may not assert a lien against the claim of a patient with health insurance for an amount beyond what the contract between the provider and the health insurance company dictates. The focus of courts so holding is on the existence of an underlying debt being necessary to support a lien, leading them to reason that a provider is not entitled to file a lien under the hospital lien statute when the patient's obligation to the provider has been satisfied by the payment made by her health insurer.

Electronically Filed - Franklin County - August 21, 2020 - 09:14 AM

*Id.* at 118-19.

*Morgan* has no relevance to the present case because the court did not address the interaction of an insured's health insurance and medical payments coverages—the sole issue in this case. Indeed, there was no medical payments coverage at issue in *Morgan*. Instead, the court in *Morgan* only addressed hospital liens under Section 430.230. Here, there is no hospital lien at issue as Dames does not allege (and cannot allege) that Mercy asserted any lien against any claim that she may have against any tortfeasor.

\* \* \*

In sum, Dames has not pled any recognized damages. As a result, she does not state a claim upon which relief can be granted. The Court should dismiss her petition.

Respectfully submitted,

THOMPSON COBURN LLP

By /s/ Jeffrey R. Fink
   Jeffrey R. Fink, #44963
   Thompson Coburn LLP
   One US Bank Plaza
   St. Louis, Missouri 63101-1611
   Telephone: 314.552.6000
   Facsimile: 314.552.7000
   jfink@thompsoncoburn.com

   Attorneys for Defendant
   Mercy Hospitals East Communities

Electronically Filed - Franklin County - August 21, 2020 - 09:14 AM

## **Certificate of Service**

The undersigned hereby certifies that on August 21, 2020, a true and correct copy of the foregoing was served on all counsel of record via the Missouri Court's electronic filing system.

/s/ Jeffrey R. Fink

## IN THE CIRCUIT COURT OF FRANKLIN COUNTY
## STATE OF MISSOURI

KIM DAMES,                          )
      Plaintiff,                    )
                                )
                                )    Case No.  19AB-CC00264
vs.                                 )
                                )
MERCY HOSPITALS EAST                )
COMMUNITIES, etc.,                  )    Division  No.  6
      Defendant.                    )
                                )

## ORDER

This case is before the Court, for ruling on Defendant's Motion to Dismiss (the "Motion") Plaintiff's Petition.  Counsel for the parties appeared, on August 31, 2020, for Hearing on the Motion.  At the close of counsels' arguments, the Court took the Motion under advisement.

The Court has read and considered its Hearing notes, along with pertinent portions of every case cited for both parties, many of which were read more than once.  Having done so, the Curt denies Defendant's Motion to Dismiss.

Case continued to March 15, 2021, at 9:00 a.m., for Announcement/Trial Setting.

So ordered:

Dated: _1/21/2021_

David L. Hoven,   Judge
Franklin County Circuit Court

Electronically Filed - Franklin County - January 28, 2021 - 09:54 AM

,IN THE CIRCUIT COURT OF FRANKLIN COUNTY
STATE OF MISSOURI

KIM DAMES,                              )
                                       )
          Plaintiff,                   )
                                       )      Case No. 19AB-CC00264
v.                                     )
                                       )      Division VI
MERCY HOSPITALS                        )
EAST COMMUNITIES, d/b/a                )
Mercy Hospital Washington,             )
                                       )
          Defendant.                   )

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the following:

1. Defendant's First Set of Interrogatories to Plaintiff

2. Defendant's First Request for Production to Plaintiff

3. Defendant's First Request for Admissions to Plaintiff

were served by electronic mail in PDF and Word formats on January 27, 2021, on the following:

Bradford B. Lear
lear@learwerts.com

Todd C. Werts
werts@learwerts.com

Mark Brinkman
mark@attorneysrbf.com

Charles R. Wooten
charleswooten@rwzlaw.com.

Electronically Filed - Franklin County - January 28, 2021 - 09:54 AM

Respectfully submitted,

THOMPSON COBURN LLP

By /s/ *Jeffrey R. Fink*
   Jeffrey R. Fink, #44963
   Thompson Coburn LLP
   One US Bank Plaza
   St. Louis, Missouri 63101-1611
   Telephone: 314.552.6000
   Facsimile: 314.552.7000
   jfink@thompsoncoburn.com

   Attorneys for Defendant
   Mercy Hospitals East Communities

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 28, 2021, a true and correct copy of the foregoing was served on all counsel of record via the Missouri Court's electronic filing system.

/s/ *Jeffrey R. Fink*

2

Electronically Filed - Franklin County - January 28, 2021 - 01:37 PM

IN THE CIRCUIT COURT OF FRANKLIN COUNTY
STATE OF MISSOURI

KIM DAMES,                              )
                                       )
            Plaintiff,                 )
                                       )        Case No. 19AB-CC00264
v.                                     )
                                       )        Division VI
MERCY HOSPITALS                        )
EAST COMMUNITIES, d/b/a                )
Mercy Hospital Washington,             )
                                       )
            Defendant.                 )

**Defendant's Answer to Plaintiff's Petition**

This is the answer of Defendant Mercy Hospitals East Communities (Mercy) to Plaintiff

Kim Dames' petition.

**Introduction**

1.      Defendant is a hospital that provides medical services, including emergency

medical services, to patients.

**Answer:**  Mercy admits that it is a nonprofit corporation that operates hospitals that

provide medical services, including emergency medical services, to patients. Mercy denies the

remaining allegations in this paragraph.

2.      Defendant screens all patients and makes a determination regarding the reason for

treatment and whether there may be sources of payment other than health insurance available.

**Answer:**  Mercy admits that it screens all patients when they present for medical

treatment and determines the reasons for treatment. Mercy denies the remaining allegations in

this paragraph.

3.      If the patient is identified as one whose medical bills may be recoverable from

another source, Defendant either refuses to submit that patient's medical bills to his or her valid

Electronically Filed - Franklin County - January 28, 2021 - 01:37 PM

commercial health insurance or an employee health benefit plan ("health insurance"), or submits the bills to health insurance and sometime thereafter remits those funds back to health insurance after recovering payment from another source.

**Answer:**  Mercy denies the allegations in this paragraph.

4.      Defendant engages in these practices even though defendant is contractually required to submit said bills to health insurance, accept payment from health insurance in satisfaction of the bill, not seek payments from any additional sources, and hold the patient harmless from any amounts owed other than co-pays or deductibles.

**Answer:**  Mercy denies the allegations in this paragraph.

5.      While refusing to submit medical bills to the patients' health insurance and accept the payment in satisfaction of the bill, Defendant routinely seeks payment for the medical bills from those same patients, either directly or indirectly.

**Answer:**  Mercy denies the allegations in this paragraph.

6.      Upon information and belief, Defendant seeks payment for medical bills through means including, among others, demanding cash payment directly from the patients, placing unlawful liens upon patients' third-party tort claims, seeking medical payment benefits from the patients' auto insurers.

**Answer:**  Mercy admits that when appropriate, it submits claims for medical treatment provided to certain patients to the patients' automobile insurer. Mercy admits that when appropriate, it requests that patients pay the amount that they owe for the medical treatment that they received from Mercy. Mercy denies the remaining allegations in this paragraph.

Electronically Filed - Franklin County - January 28, 2021 - 01:37 PM

7.      Defendant pursues such course of conduct despite knowing the patients have health insurance and being contractually entitled to have their medical bills submitted to their health insurance for payment.

**Answer:**  Mercy denies the allegations in this paragraph.

8.      Defendant is required by their contracts with patients' health insurance to submit insured patients' medical bills directly to health insurance. Likewise, Defendant was required to submit Plaintiff's medical bills to her health insurance.

**Answer:**  Mercy denies the allegations in this paragraph.

9.      Defendant is required to honor a contractual discount with their patients' health insurance and accept discounted payment from health insurance in full satisfaction of the patients' debts.

**Answer:**  Mercy denies the allegations in this paragraph.

10.      Defendant is precluded by its contracts with private health insurance from seeking payment for covered services from other sources, including from the patient directly, medical benefits from the patients' automobile insurer, turning the bills over to collections, or filing a lien against patients' property, including personal injury claims.

**Answer:**  Mercy denies the allegations in this paragraph.

11.      Defendant did not inform patients at the time of treatment that they would not honor the patients' health insurance if the circumstances created the possibility of another source of recovery. This is true even though Defendant stated and advertised that it was "in-network" for several health insurance carriers, including the named Plaintiff's here.

**Answer:**  Mercy denies the allegations in this paragraph.

Electronically Filed - Franklin County - January 28, 2021 - 01:37 PM

12.     To the contrary, Defendant represents to patients, including the named Plaintiff here, that Defendant will submit the patient's bill to health insurance and will accept that payment in satisfaction of the patient's bill.

**Answer:**  Mercy denies the allegations in this paragraph.

13.     Defendant enters into contracts with patients, including the named Plaintiff in this case, which assign any authorized payment to Defendant by the patients' health insurance. This agreement also indicates that Defendant will submit the patients' charges to health insurance and that the patient will only be responsible for charges not covered by the assignment of insurance benefits (i.e., co-pays and deductibles, etc.).

**Answer:**  Mercy admits that Plaintiff signed a contract entitled "Consent and Agreement" when she received medical treatment from Mercy and that Section 3 of Plaintiff's Consent and Agreement provides:

> **Assignment of Insurance Benefits:** I assign to Mercy, my physician or other non-Mercy healthcare professional involved in my (or the patient's) care my (or the patient's) rights under all insurance and benefit plan documents, and authorize direct payment to each healthcare provider of all insurance and plan benefits payments for services provided to me (or the patient) by these providers. By paying my providers directly, my insurance company or employer is fulfilling its obligations to me (or the patient) under the health insurance policy, or the employer is fulfilling its obligations as required by law. I also agree that I (or the patient) am financially responsible for charges not paid according to this assignment.

Mercy admits that other patients signed similar contracts when they received medical treatment from Mercy. Mercy denies the remaining allegations in this paragraph.

14.     Patients are unable to submit their medical bills directly to their health insurance as Defendant is the entity responsible for such submission. Indeed, Defendant is the only entity in possession of the information required to make such a submission, and Defendant is the entity

Electronically Filed - Franklin County - January 28, 2021 - 01:37 PM

that has a contract with the health insurance for reduced compensation for treating patients with health insurance.

**Answer:**  Mercy denies the allegations in this paragraph.

15.     The contract between Defendant and health insurance disavows that patients, like the named Plaintiff here, are third-party beneficiaries under the contract. Accordingly, Defendant's failure to follow its own contractual obligations has the unfair consequence of depriving patients, like the named Plaintiff here, of the benefit of the bargain those patients made with their health insurance.

**Answer:**  Mercy denies the allegations in this paragraph.

16.     Through Defendant's bill collection practices, it attempts to optimize the amount received for services rendered by seeking from patients the full amount billed (or more than it is entitled to for the covered treatment), rather than accepting the discounted amount it has agreed to accept from the patient's health insurance.

**Answer:**  Mercy denies the allegations in this paragraph.

17.     By employing such a policy and business model, Defendant has unlawfully violated the rights of Plaintiff and the class members as described below.

**Answer:**  Mercy denies the allegations in this paragraph.

**Jurisdiction and Venue**

18.     This Court has subject matter jurisdiction over this action.

**Answer:**  Admitted.

19.     This Court has personal jurisdiction over the parties because the acts and omission which are the subject of this litigation occurred in Missouri.

**Answer:**  Admitted.

Electronically Filed - Franklin County - January 28, 2021 - 01:37 PM

20.     Venue is appropriate in this Court pursuant to Mo. Rev. Stat. § 508.010.4 which provides: "...in all actions in which there is any count alleging a tort and in which the plaintiff was first injured in the state of Missouri, venue shall be in the county where the plaintiff was first injured by the wrongful acts or negligent conduct alleged in the action." The named Plaintiff was first injured in Franklin County, Missouri.

**Answer:**  Admitted.

## Parties

21.     Plaintiff Kim Dames is an adult resident of Franklin County, Missouri.

**Answer:**  Mercy admits that Plaintiff is an adult. Mercy is without knowledge or information sufficient to form a belief as to where Plaintiff resides and, therefore, Mercy denies Plaintiff's allegation that she resides in Franklin County, Missouri. Mercy denies the remaining allegations in this paragraph.

22.     Defendant Mercy Hospitals East Communities d/b/a Mercy Hospital Washington (hereinafter "Mercy") is a Missouri corporation in good standing with the capacity to sue and be sued in its own name.

**Answer:**  Admitted.

## Facts Common to All Counts

23.     On Sunday, October 25, 2015, Plaintiff Kim Dames was riding as a passenger in a motor vehicle that was involved in a collision with another motor vehicle.

**Answer:**  Admitted.

24.     As a result of the collision, Plaintiff Kim Dames sought medical treatment at Defendant Mercy's emergency room in Washington, Franklin County, Missouri.

**Answer:**  Admitted.

Electronically Filed - Franklin County - January 28, 2021 - 01:37 PM

25.     On October 25, 2015, Defendant charged Plaintiff Kim Dames $12,382.50 for medical treatment provided to Plaintiff Kim Dames in the emergency room.

**Answer:**  Mercy admits that its charges for the medical treatment that it provided to Plaintiff in the emergency room were $12,382.50. Mercy denies the remaining allegations in this paragraph.

26.     At the time of the medical services, Plaintiff Kim Dames had valid health insurance coverage with Anthem.

**Answer:**  Admitted.

27.     The contract of insurance between Defendant and Anthem operated to compel the participation of Defendant in accepting discounted payments and adjustments from Anthem to reduce and/or pay towards Plaintiff Kim Dames' patient accounts.

**Answer:**  Mercy denies the allegations in this paragraph.

28.     Prior to the receipt of the medical services, Plaintiff Kim Dames provided Defendant with a health insurance card for Plaintiff Kim Dames.

**Answer:**  Mercy admits that Plaintiff provided it with a copy of her health insurance card at the time of her medical treatment. Mercy denies the remaining allegations in this paragraph.

29.     At the time of the medical services, Defendant did not inform Plaintiff that Defendant would not accept Plaintiff's health insurance, nor did Defendant explain that it would seek the balance of Plaintiff's medical bills from her personally, by billing her medical payments coverage, or by placing a lien against her third-party tort claims.

**Answer:**  Mercy admits that it did not inform Plaintiff that it would not accept her health insurance. Mercy denies that it did not accept her health insurance, denies that it sought to recover any portion of the charges for her medical treatment from her personally, denies that it

Electronically Filed - Franklin County - January 28, 2021 - 01:37 PM

asserted any lien against any of her third-party tort claims, and denies the remaining allegations in this paragraph.

30.     Defendant did not inform Plaintiff that Defendant would remit any funds received from Plaintiff's health insurance and would be pursuing a third-party lien against her personal injury recovery.

**Answer:**  Mercy admits that it did not inform Plaintiff that it would remit any funds received from Plaintiff's health insurance or that it would be pursuing a third-party lien against her personal injury recovery. Mercy denies that it received any funds from Plaintiff's health insurer for her medical treatment, denies that it remitted any funds to her health insurer in connection with her medical treatment, denies that it pursued any third-party lien against her personal injury recovery, and denies the remaining allegations in this paragraph.

31.     Defendant is required by its contracts with Plaintiff's health insurance to submit medical bills of insured patients directly to health insurance for payment.

**Answer:**  Mercy denies the allegations in this paragraph.

32.     Plaintiff was entitled to a contractual reduction in the amount of her medical bills charged by Defendant pursuant to her insurance agreement with Defendant, and to have those bills paid by her health insurance.

**Answer:**  Mercy denies the allegations in this paragraph.

33.     Plaintiff Kim Dames' damages alleged in this case are economic damages resulting from an improper billing practice.

**Answer:**  Mercy denies the allegations in this paragraph.

Electronically Filed - Franklin County - January 28, 2021 - 01:37 PM

34. At the time of the collision, Plaintiff Kim Dames was insured under a contract of automobile insurance with Acuity which provided Medical Payments Coverage with policy limits of $5,000.00.

**Answer:**  Admitted, except that Mercy is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that the policy limit was $5,000.00.

35. On December 18, 2015, Defendant Mercy applied an "INS CONTRACTUAL ADJUSTMENT (INS)" in the amount of $11,806.50 to Plaintiff Kim Dames' account pursuant to a contractual relationship that Defendant Mercy had with Anthem, Plaintiff Kim Dames' health insurance provider.

**Answer:**  Mercy denies the allegations in this paragraph.

36. Plaintiff Kim Dames was entitled to a contractual reduction in the amount of her medical bills incurred with Defendant Mercy pursuant to her health insurance's agreement with Defendant Mercy.

**Answer:**  Mercy denies the allegations in this paragraph.

37. After applying the contractual adjustment, Plaintiff Kim Dames' account balance was $576.00.

**Answer:**  Mercy denies the allegations in this paragraph.

38. On January 27, 2016, Plaintiff Kim Dames' automobile insurance carrier, Acuity, made a Medical Payments Coverage payment of $5,000.00 to Defendant Mercy, constituting an overpayment of $4,424.00.

**Answer:**  Mercy admits that on or about January 27, 2016, it received from Acuity a payment of $5,000.00 under the medical payments coverage of Plaintiff's automobile insurance policy with Acuity. Mercy denies the remaining allegations in this paragraph.

Electronically Filed - Franklin County - January 28, 2021 - 01:37 PM

39.    On January 29, 2016, Defendant Mercy recreated the bill on Plaintiff Kim Dames' account, applied a "INS CONTRACTUAL ADJUSTMENT (INS)" in the amount of $4,424.00.

**Answer:**  Mercy denies the allegations in this paragraph.

40.    On January 29, 2016, Defendant Mercy backed out the contractual adjustment previously applied on December 18, 2015 and increased the total account balance due to the amount of the $5,000.00 Medical Payments Coverage payment.

**Answer:**  Mercy denies the allegations in this paragraph.

### Class Action Allegations

41.    This action is brought as a plaintiff class action pursuant to Missouri Rule of Civil Procedure 52.08. Plaintiff brings this action on her own behalf and on behalf of all others similarly situated, as representative of the following class:

> All Missouri residents who, since December 6, 2014, received any type of healthcare treatment from any entity located in Missouri that is owned or affiliated with Defendant, while being covered by valid commercial health insurance or an employee health benefit plan governed by the Employee Retirement Income Security Act ("health insurance"), and whose medical bills resulting from that treatment were either not submitted to health insurance for payment or were submitted and thereafter Defendant refunded those payments to their health insurance and Defendant obtained payment for those bills directly from the patient, from an auto insurer, or from the patients' third-party tort recovery.

**Answer:**  Mercy denies that this case may be maintained as a class action and denies the allegations in this paragraph.

Electronically Filed - Franklin County - January 28, 2021 - 01:37 PM

42.     The particular members of the Class are capable of being described without difficult managerial or administrative problems. The members of the Class are readily identifiable from the information and records in the possession or control of Defendant.

**Answer:**  Mercy denies that this case may be maintained as a class action and denies the allegations in this paragraph.

43.     The Class consists of hundreds and perhaps thousands of individual members and is, therefore, so numerous that individual joinder of all members is impractical.

**Answer:**  Mercy denies that this case may be maintained as a class action and denies the allegations in this paragraph.

44.     There are questions of law and fact common to the Class, which questions predominate over any questions affecting only individual members of the Class and, in fact, the wrongs suffered and remedies sought by Plaintiff and the other members of the Class are premised upon an unlawful scheme perpetuated uniformly upon all the Class members. The only material difference between the Class members' claims is the exact monetary amount to which each member of the Class is entitled. The principal common issues include, but are certainly not limited to the following:

> a)     Whether Defendant entered into express and/or implied agreements with various health insurance providing, among other things, that health insurance claims should be promptly submitted to health insurance for payment;
>
> b)     Whether Defendant violated their contracts with various health insurance by not submitting medical bills to health insurance;

Electronically Filed - Franklin County - January 28, 2021 - 01:37 PM

c)     Whether Defendant violated their contracts with various health insurance by pursuing recovery for services rendered by placing liens upon patients' property (such as third-party tort claims), pursuing medical payment benefits from auto insurers, pursuing payment directly from the patients, or turning patients' accounts over to collections,

d)     Whether Defendant violated their contracts with various health insurance by not offering a contractually agreed discount to Patients covered by said policies;

e)     Whether Defendant has violated its contracts with Plaintiff and the class members by seeking payment for charges that were covered by valid commercial health insurance;

f)     Whether Defendant improperly refused to submit the Plaintiff's and the class members' medical bills to Plaintiff's and the class members' health insurance for payment;

g)     Whether Defendant employs a policy and business model of refusing to submit otherwise valid health insurance claims, or returning money paid by a health insurance company, in order to increase Defendant's profit or for financial gain;

h)     Whether Defendant unlawfully refused to submit the Plaintiff's and the Class members' medical bills to Plaintiff's and the Class members' health insurance for payment;

i)     Whether Defendant profited by refusing to submit said medical bills to said health insurance for payment;

Electronically Filed - Franklin County - January 28, 2021 - 01:37 PM

j)    Whether Defendant utilized aggressive and unfair collection practices to collect medical payments from the Plaintiff and the class members despite the fact that Defendant had chosen to refuse to submit, or refunded monies received from, their charges to the class members' health insurance;

k)    Whether Defendant has been unjustly enriched at the expense of Plaintiff and the Class members through the above-described misconduct;

l)    Whether Defendant breached its duty of good faith and fair dealing to the Plaintiff and the Class through the above-described misconduct;

m)    Whether Defendant violated the Missouri Merchandising Practices Act through the above-described misconduct;

n)    Whether Defendant should be enjoined from continuing its unfair, discriminatory, and abusive conduct.

**Answer:**  Mercy denies that this case may be maintained as a class action and denies the allegations in this paragraph and each subparagraph in this paragraph.

**[Plaintiff's petition contains no paragraphs 45-51].**

52.    Plaintiff's claims are typical of those of the Class and are based on the same legal and factual theories.

**Answer:**  Mercy denies that this case may be maintained as a class action and denies the allegations in this paragraph.

Electronically Filed - Franklin County - January 28, 2021 - 01:37 PM

53.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff has no claims antagonistic to those of the Class. Plaintiff has retained counsel competent and experienced in complex class actions. Counsel is committed to the vigorous prosecution of this action.

**Answer:**  Mercy denies that this case may be maintained as a class action and denies the allegations in this paragraph.

54.     Certification of a plaintiff class is appropriate in that Plaintiff and the Class members seek monetary damages, common questions predominate over any individual questions, and a class action is superior for the fair and efficient adjudication of this controversy. A class action will cause an orderly and expeditious administration of the Class members' claims and economies of time, effort and expense will be fostered and uniformity of decisions will be ensured. Moreover, the individual class members are unlikely to be aware of their rights and are not in a position (either through experience or financially) to commence individual litigation against the likes of Defendant.

**Answer:**  Mercy denies that this case may be maintained as a class action and denies the allegations in this paragraph.

55.     Alternatively, certification of a plaintiff class is appropriate in that inconsistent or varying adjudications with respect to individual members of the Class would establish incompatible standards of conduct for the Defendant or adjudications with respect to individual members of the Class as a practical matter would be dispositive of the interests of the other members not parties to the adjudication or would substantially impair or impede their ability to protect their interests.

Electronically Filed - Franklin County - January 28, 2021 - 01:37 PM

**Answer:**  Mercy denies that this case may be maintained as a class action and denies the allegations in this paragraph.

56.     Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**Answer:**  Mercy denies that this case may be maintained as a class action and denies the allegations in this paragraph.

## Count I
## (Missouri Merchandising Practices Act)

57.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

**Answer:**  Mercy incorporates its answers to all preceding paragraphs.

58.     Mo. Rev. Stat. § 407.020 prohibits the use of any "deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . .."

**Answer:**  Admitted.

59.     Mo. Rev. Stat. § 407.020 provides:

"Unlawful practices, penalty — exceptions. — 1. The act, use or

employment by any person of any deception, fraud, false pretense, false

promise, misrepresentation, unfair practice or the concealment,

suppression, or omission of any material fact in connection with the sale

or advertisement of any merchandise in trade or commerce or the

solicitation of any funds for any charitable purpose, as defined in section

Electronically Filed - Franklin County - January 28, 2021 - 01:37 PM

407.453, in or from the state of Missouri, is declared to be an unlawful

practice. ..."

**Answer:**  Admitted.

60.     An "unfair practice" is defined by Missouri Code of State Regulation 15 CSR 60-8.020:

>    "(1) An unfair practice is any practice which—
>
>        (A)     Either—
>
>    1.     Offends any public policy as it has been established by the Constitution, statutes or common law of this state, or by the Federal Trade Commission, or its interpretive decisions; or
>
>    2.     Is unethical, oppressive or unscrupulous; and
>
>        (B)     Presents a risk of, or causes, substantial injury to consumers."

**Answer:**  Admitted.

61.     An "unfair practice" is further defined by Missouri Code of State Regulation 15 CSR 60-8.040:

>    "(1)  It is an unfair practice for any person in connection with the advertisement or sale of merchandise to violate the duty of good faith in solicitation, negotiation and performance, or in any manner fail to act in good faith (see section 400.2-103(1)(b), Restatement, Second, Contracts section 205)."

**Answer:**  Admitted.

62.     Merchandise is defined by the Merchandising Practices Act, § 407.010(4):

>    "(4) "Merchandise", any objects, wares, goods, commodities, intangibles, real estate or services;"

Electronically Filed - Franklin County - January 28, 2021 - 01:37 PM

**Answer:**  Admitted.

63.     Merchandise includes the providing of medical services and billing for the same.

**Answer:**  Mercy denies the allegations in this paragraph.

64.     Person is defined by the Merchandising Practices Act, § 407.010(5):

"(5) "Person", any natural person or his legal representative, partnership, firm,

for-profit or not-for-profit corporation, whether domestic or foreign, ..."

**Answer:**  Admitted.

65.     Plaintiff, the class members, and Defendant are all a "person" as defined by the

Missouri Merchandising Practices Act.

**Answer:**  Admitted.

66.     The above described billing practices and related misconduct of Defendant Mercy

violated the Missouri Merchandising Practices Act by, among other things, constituting an unfair

practice and breach of the duty of good faith as required under the Act.

**Answer:**  Mercy denies the allegations in this paragraph.

## Count II
## (Unjust Enrichment)

67.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

**Answer:**  Mercy incorporates its answers to all preceding paragraphs.

68.     Defendant has engaged in a pattern of subverting the financial interests and

contractual agreements of Plaintiff and the class members for its own pecuniary gain.

**Answer:**  Mercy denies the allegations in this paragraph.

69.     Defendant has been unjustly enriched in that it received and retained the benefits

of proceeds to which it was not entitled to and which were received in violation of Missouri law.

**Answer:**  Mercy denies the allegations in this paragraph.

Electronically Filed - Franklin County - January 28, 2021 - 01:37 PM

70. Said benefits were conferred on Defendant by Plaintiff and the class members, and unlawfully obtained to the detriment of Plaintiff and the class members.

**Answer:** Mercy denies the allegations in this paragraph.

71. Defendant's retention of these funds is unjust because payment for the services provided should have come from Plaintiff's and the class members' health insurance, and the reasonable value for Defendant's services determined by the contracts between Defendant and health insurance.

**Answer:** Mercy denies the allegations in this paragraph.

72. Allowing Defendant to retain the aforementioned benefits violates fundamental principles of justice, equity, and good conscience.

**Answer:** Mercy denies the allegations in this paragraph.

**Count III**
**(Money Had and Received)**

73. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

**Answer:** Mercy incorporates its answers to all preceding paragraphs.

74. Defendant has engaged in a pattern of subverting the financial interests and contractual agreements of Plaintiff and the class members for its own pecuniary gain.

**Answer:** Mercy denies the allegations in this paragraph.

75. Defendant received and obtained possession of the named Plaintiff's and the class members' money.

**Answer:** Mercy denies the allegations in this paragraph.

76. Defendant appreciated a benefit from receiving and obtaining possession of the named Plaintiff's and the class members' money.

**Answer:** Mercy denies the allegations in this paragraph.

Electronically Filed - Franklin County - January 28, 2021 - 01:37 PM

77.     Defendant's acceptance and retention of these funds is unjust.

**Answer:**  Mercy denies the allegations in this paragraph.

78.     Defendant received money from the Plaintiff and the class members under circumstances that in equity and good conscience call for the Defendant pay it to Plaintiff and the class members.

**Answer:**  Mercy denies the allegations in this paragraph.

79.     Defendant's retention of these funds is unjust because payment for the services provided should have come from the class members' health insurance, and the reasonable value for Defendant's services determined by the contracts between Defendant and health insurance.

**Answer:**  Mercy denies the allegations in this paragraph.

80.     Allowing Defendant to retain the aforementioned benefits violates fundamental principles of justice, equity, and good conscience.

**Answer:**  Mercy denies the allegations in this paragraph.

**Count IV**
**(Declaratory Judgment and Injunctive Relief)**

81.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

**Answer:**  Mercy incorporates its answers to all preceding paragraphs.

82.     This Court has jurisdiction over Count IV of this action by reason of Mo. Rev. Stat. § 527.010 et seq.

**Answer:**  Mercy denies the allegations in this paragraph.

83.     Defendant was required by its contract with health insurance, including named Plaintiff's here, to submit Plaintiff's medical bills to Anthem for payment.

**Answer:**  Mercy denies the allegations in this paragraph.

Electronically Filed - Franklin County - January 28, 2021 - 01:37 PM

84.     Defendant is required by its contracts with various other health insurance to submit the proposed class members' medical bills directly to health insurance for payment.

**Answer:**  Mercy denies the allegations in this paragraph.

85.     Defendant is also required to honor a contractual discount with their patients' health insurance and accept discounted payments from health insurance in satisfaction of the patients' debts.

**Answer:**  Mercy denies the allegations in this paragraph.

86.     Defendant failed to honor its contractual agreed discount regarding Plaintiff's medical bills at issue in this case and those of the proposed class members.

**Answer:**  Mercy denies the allegations in this paragraph.

87.     Defendant failed to honor its contractual commitment to submit the medical bills of insured patients to their insurance company.

**Answer:**  Mercy denies the allegations in this paragraph.

88.     Defendant is precluded by its contracts with private health insurance, such as the named Plaintiff's insurer here, from seeking payment for covered services from other sources, including the patient directly, medical payments benefits from the patients' auto insurer, or filing liens against patients' property (including personal injury claims).

**Answer:**  Mercy denies the allegations in this paragraph.

89.     Defendant is precluded by its own contracts with Plaintiff and the class members from seeking payment for medical charges that are covered by the insurance assignment executed by Plaintiff and the class members.

**Answer:**  Mercy denies the allegations in this paragraph.

Electronically Filed - Franklin County - January 28, 2021 - 01:37 PM

90.     Defendant has breached these agreements by seeking payment from Plaintiff and receiving payment from Plaintiff's medical payments benefits from Plaintiff's auto insurer.

**Answer:**  Mercy denies the allegations in this paragraph.

91.     A real and subsisting controversy exists between the parties concerning the validity of Defendant's policies and procedures.

**Answer:**  Mercy denies the allegations in this paragraph.

92.     Plaintiff requests the Court declare that Defendant, through its actions, policies, procedures, and misconduct, has violated the terms of its agreements with the various health insurance providers and said policies and procedures should be declared invalid and void as a matter of law.

**Answer:**  Mercy denies the allegations in this paragraph.

93.     Plaintiff further requests the Court enter a permanent injunction enjoining Defendant from engaging in the unlawful billing practices as detailed herein, and for such other and further relief as the Court deems just and proper.

**Answer:**  Mercy denies the allegations in this paragraph.

## **Defenses and Affirmative Defenses**

For its defenses and affirmative defenses, Mercy states:

1.     Plaintiff's petition fails to state a claim upon which relief may be granted for the reasons set forth in Mercy's motion to dismiss filed on April 2, 2020.

2.     Plaintiff's claims are barred because when she obtained treatment at Mercy, she signed a contract entitled "Consent and Agreement Physician Services and Hospital Services" that consented to Mercy's treatment of Plaintiff, assigned to Mercy all of her "rights under all

Electronically Filed - Franklin County - January 28, 2021 - 01:37 PM

insurance and benefit plan documents," and authorized "direct payment to" Mercy "of all insurance and plan benefit payments for services provided."

3.    Plaintiff's claims are preempted and/or barred in whole or in part by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA"). At the time of her treatment at Mercy, Plaintiff had health insurance coverage through an employee welfare benefit plan that was governed by ERISA.

4.    Plaintiff's claims are barred because her medical payments coverage with Acuity was the primary coverage for her treatment.

5.    Plaintiff's claims are barred because her health insurance coverage provides that its coverage was secondary to Plaintiff's medical payments coverage with Acuity.

6.    Plaintiff lacks standing to enforce Mercy's provider agreement with her health insurer.

7.    Plaintiff has incurred no damages or ascertainable loss and has no standing to maintain this action.

8.    Mercy reserves the right to assert additional defenses and affirmative defenses.

ACCORDINGLY, Defendant Mercy Hospitals East Communities requests that the Court dismiss this action with prejudice, assess all costs against Plaintiff Kim Dames, and grant all other relief to which Mercy is entitled.

Respectfully submitted,

THOMPSON COBURN LLP

By /s/ Jeffrey R. Fink
   Jeffrey R. Fink, #44963
   Thompson Coburn LLP
   One US Bank Plaza
   St. Louis, Missouri 63101-1611
   Telephone: 314.552.6000
   Facsimile: 314.552.7000
   jfink@thompsoncoburn.com

   Attorneys for Defendant
   Mercy Hospitals East Communities

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 28, 2021, a true and correct copy of the foregoing was served on all counsel of record via the Missouri Court's electronic filing system.

/s/ Jeffrey R. Fink

Electronically Filed - Franklin County - March 01, 2021 - 10:01 AM

IN THE CIRCUIT COURT OF FRANKLIN COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| KIM DAMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 19AB-CC00264 |
| v. | ) | |
| | ) | Division VI |
| MERCY HOSPITALS | ) | |
| EAST COMMUNITIES, d/b/a | ) | |
| Mercy Hospital Washington, | ) | |
| | ) | |
| Defendant. | ) | |

CERTIFICATE OF SERVICE

COMES NOW Plaintiff Kim Dames, by and through her undersigned attorneys of record, and hereby certifies that the following, was served on Defendant's counsel of record via electronic mail on the 26th day of February, 2021 to Thompson Coburn LLP, Jeffrey R. Fink, One US Bank Plaza, St. Louis, MO 63101, jfink@thompsoncoburn.com.

1. Plaintiff's answers to Defendant's first interrogatories to Plaintiff;

2. Plaintiff's responses to Defendant's first request for production of documents to Plaintiff;

3. Documents bates numbered Dames, Kim 00001-000112; and

4. Plaintiff's responses to Defendant's first request for admissions.

Electronically Filed - Franklin County - March 01, 2021 - 10:01 AM

Respectfully submitted,

LEAR WERTS LLP

/s/ Todd C. Werts
Bradford B. Lear, Mo. Bar No. 53204
Todd C. Werts, Mo. Bar No. 53288
Anthony J. Meyer, Mo. Bar No. 71238
103 Ripley Street
Columbia, MO 65201
Telephone:  573-875-1991
Facsimile:  573-279-0024
Email:  lear@learwerts.com
Email:  werts@learwerts.com
Email:  meyer@learwerts.com

ROBINSON BRINKMANN & FULFORD LLC
Mark E. Brinkmann, Mo. Bar No. 49950
24 S. Church St.
Union, MO  63084
T: 636-583-7908
F: 636-583-7908
E: mark@attorneysrbf.com

ROBERTS, WOOTEN & ZIMMER, LLC
Charles R. Wooten, Mo. Bar No. 51250
10438 Business 21
Hillsboro, MO  63050
T: 636-797-2693
F: 636-789-4205
E: charleswooten@rwzlaw.com

COUNSEL FOR PLAINTIFF

2

Electronically Filed - Franklin County - March 22, 2021 - 10:47 AM

IN THE CIRCUIT COURT OF FRANKLIN COUNTY
STATE OF MISSOURI

KIM DAMES,                                     )
                                               )
          Plaintiff,                           )
                                               )        Case No. 19AB-CC00264
v.                                             )
                                               )        Division VI
MERCY HOSPITALS                                )
EAST COMMUNITIES, d/b/a                        )
Mercy Hospital Washington,                     )
                                               )
          Defendant.                           )

CERTIFICATE OF SERVICE

COMES NOW Plaintiff Kim Dames, by and through her undersigned attorneys of record, and hereby certifies that the following, was served on Defendant's counsel of record via electronic mail on the 19th day of March, 2021 to Thompson Coburn LLP, Jeffrey R. Fink, One US Bank Plaza, St. Louis, MO 63101, jfink@thompsoncoburn.com.

1.  Plaintiff's first interrogatories to Defendant;

2.  Plaintiff's first request for production of documents to Defendant.

Electronically Filed - Franklin County - March 22, 2021 - 10:47 AM

Respectfully submitted,

LEAR WERTS LLP

/s/ Todd C. Werts
Bradford B. Lear, Mo. Bar No. 53204
Todd C. Werts, Mo. Bar No. 53288
Anthony J. Meyer, Mo. Bar No. 71238
103 Ripley Street
Columbia, MO 65201
Telephone:  573-875-1991
Facsimile:  573-279-0024
Email:  lear@learwerts.com
Email:  werts@learwerts.com
Email:  meyer@learwerts.com

ROBINSON BRINKMANN & FULFORD LLC
Mark E. Brinkmann, Mo. Bar No. 49950
24 S. Church St.
Union, MO  63084
T: 636-583-7908
F: 636-583-7908
E: mark@attorneysrbf.com

ROBERTS, WOOTEN & ZIMMER, LLC
Charles R. Wooten, Mo. Bar No. 51250
10438 Business 21
Hillsboro, MO  63050
T: 636-797-2693
F: 636-789-4205
E: charleswooten@rwzlaw.com

COUNSEL FOR PLAINTIFF

2

IN THE CIRCUIT COURT OF FRANKLIN COUNTY
STATE OF MISSOURI

KIM DAMES,                          )
               Plaintiff,          )
                     )
                     )   Case No.  19AB-CC00264
vs.                                 )
                     )
MERCY HOSPITALS EAST                )
COMMUNITIES,                        )
               Defendant.          )   Division No. 6
                     )

## PRE-TRIAL ORDER

This case is set for trial, to a jury, January 24-28, 2022.

The Court, in anticipation of trial, enters the following Scheduling Order:

1.    The parties shall file their proposed Jury Instructions with the Court, with copies to opposing counsel, on or before January 10, 2022.

2.    The parties shall file all Motions in Limine with the Court, with copies to opposing counsel, on or before January 3, 2022.

3.    If Motions in Limine are filed, by either party, the Motion(s) shall be taken up on January 14, 2022, at 10:00 a.m.

4.    All parties and counsel shall appear at 8:15 a.m., January 24, 2021, to take up pre-trial matters which might arise.  The jury shall be seated and counsel ready to commence at 9:00 a.m.

5.    The Court respectfully requests that sixty (60) prospective jurors be summoned.

6.    The Court will not rule on discovery motions until after counsel have arranged for a telephone conference, or conference in chambers, between the Court and counsel of record.  Counsel may schedule telephone conferences or conferences in chambers, by contacting Jackie Sparks, the

Clerk of this Court at (636) 583-7332, to schedule the date and time of the conference.

7.    In situations where a party has objected to the disclosure of documents or information on the basis that it is protected by the attorney/client privilege, the insurer/insured privilege, some other privilege, or is work product, the objecting party shall file and serve on each other information sought to be protected, by author, date, purpose for which the information or document was created, and a sufficient description of the subject matter for the other parties and for the Court to be able to determine whether or not the document or information is in fact not subject to disclosure.  State ex rel. The Atchison, Topeka and Santa Fe Railway Company v O'Malley 898 S.W. 2d 550 (Mo. Banc 1995).  Within ten (10) days after filing and service of the Privilege Log on each other party, counsel of record and any unrepresented parties shall meet or confer and discuss the documents that are claimed to be privileged for the purpose of making such agreements as are possible regarding disclosure or nondisclosure of the documents.  If there are documents with regard to which the parties cannot agree on disclosure or nondisclosure, then a conference shall be scheduled with the Court to discuss the contested documents.

8.    A Pre-Trial Conference shall be held on Friday, January 14, 2022, at 10:00 a.m.
Counsel shall either have their clients with them at the Pre-Trial Conference or have them available by telephone, in the event matters arise during the Pre-Trial Conference which require consultation with or input from the parties.

9.    The parties shall file an identification of any designated portion(s) of deposition excerpts to be read at Trial, on or before January 7, 2022.

10.    The parties shall file any counter designations and objections to proposed deposition excerpts to be read by videotape, and any trial briefs with the Court on January 12, 2022.

11.    The parties are responsible for providing the Court with their Exhibit Lists no later than 12:00 p.m. on January 21, 2022.  The Exhibit Lists shall be filed electronically with the Court.  The parties shall mark all

of their Exhibits prior to the beginning of the trial.  Plaintiff's exhibits shall be numbered.  Defendant's Exhibits shall be lettered

     12.    The parties shall be responsible for providing the Court with their Witness Lists no later than 3:30 p.m., on January 21, 2022.  The Witness Lists shall be filed electronically.

     13.    Any document, object or thing that will be referred to in the course of the trial shall be marked as an Exhibit.  This includes demonstrative Exhibits or aids that will be referred to at any time, whether of not they will actually be offered into evidence.  All Exhibits shall be marked as prescribed in Paragraph 11, above.

So Ordered:

Dated: _3/29/2021_

David L. Hoven,   Judge
Franklin County Circuit Court

Electronically Filed - Franklin County - April 20, 2021 - 10:34 AM

,IN THE CIRCUIT COURT OF FRANKLIN COUNTY
STATE OF MISSOURI

KIM DAMES,                                )
                                          )
            Plaintiff,                    )
                                          )      Case No. 19AB-CC00264
v.                                        )
                                          )      Division VI
MERCY HOSPITALS                           )
EAST COMMUNITIES, d/b/a                   )
Mercy Hospital Washington,                )
                                          )
            Defendant.                    )

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and correct copies of **DEFENDANT'S**

**ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** and **DEFENDANT'S**

**OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF**

**DOCUMENTS** were served by electronic mail in PDF format on April 19, 2021, on the

following:

Bradford B. Lear
lear@learwerts.com

Todd C. Werts
werts@learwerts.com

Mark Brinkman
mark@attorneysrbf.com

Charles R. Wooten
charleswooten@rwzlaw.com.

Electronically Filed - Franklin County - April 20, 2021 - 10:34 AM

Respectfully submitted,

THOMPSON COBURN LLP

By /s/ *Jeffrey R. Fink*
   Jeffrey R. Fink, #44963
   Thompson Coburn LLP
   One US Bank Plaza
   St. Louis, Missouri 63101-1611
   Telephone: 314.552.6000
   Facsimile: 314.552.7000
   jfink@thompsoncoburn.com

   Attorneys for Defendant
   Mercy Hospitals East Communities

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 20, 2021, a true and correct copy of the foregoing was served on all counsel of record via the Missouri Court's electronic filing system.

/s/ *Jeffrey R. Fink*

Electronically Filed - Franklin County - April 20, 2021 - 11:40 AM

IN THE CIRCUIT COURT OF FRANKLIN COUNTY
STATE OF MISSOURI

| | |
|---|---|
| KIM DAMES, | |
| Plaintiff, | |
| v. | Case No. 19AB-CC00264 |
| MERCY HOSPITALS EAST COMMUNITIES, | Division VI |
| Defendant. | |

### PLAINTIFF'S AMENDED NOTICE OF VIDEO-CONFERENCE DEPOSITION

TO:            All Counsel of Record

DATE / TIME:    **Tuesday, May 7, 2021 at 10:00 am**

LOCATION:     **All parties will appear via Zoom or other agreed video-conference platform**
Thompson Coburn LLP
One US Bank Plaza
St. Louis, MO  63101-1611

WITNESS:     Mercy Hospitals East Communities

PLEASE TAKE NOTICE that, pursuant to Rules 57.03(b)(4) of the Missouri Supreme Court Rules of Court, Plaintiff will take the deposition of Defendant by a person or persons designated by Defendant to testify on its behalf on the matters identified in the attached Exhibit A before a court reporter authorized by law to administer oaths.  The deposition will begin at 10:00 AM Central time on May 7, 2021 via Zoom video-conference platform, or such other agreed video-conference platform and continue from day to day until completed. The deposition shall be recorded by both stenographic means and video recording.

Electronically Filed - Franklin County - April 20, 2021 - 11:40 AM

Dated: April 20, 2021

Respectfully submitted,

LEAR WERTS LLP

/s/ Todd C. Werts
Bradford B. Lear, Mo. Bar No. 53204
Todd C. Werts, Mo. Bar No. 53288
Anthony J. Meyer, Mo. Bar No. 71238
103 Ripley Street
Columbia, MO 65201
Telephone:  573-875-1991
Facsimile:  573-279-0024
Email:  lear@learwerts.com
Email:  werts@learwerts.com
Email:  meyer@learwerts.com

ROBINSON BRINKMANN & FULFORD LLC
Mark E. Brinkmann, Mo. Bar No. 49950
24 S. Church St.
Union, MO  63084
T: 636-583-7908
F: 636-583-7908
E: mark@attorneysrbf.com

ROBERTS, WOOTEN & ZIMMER, LLC
Charles R. Wooten, Mo. Bar No. 51250
10438 Business 21
Hillsboro, MO  63050
T: 636-797-2693
F: 636-789-4205
E: charleswooten@rwzlaw.com

COUNSEL FOR PLAINTIFF

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing was served via email to Defendant's counsel, Jeffrey Fink at jfink@thompsoncoburn.com on this 20th day of April, 2021.

/s/ Todd C. Werts

Electronically Filed - Franklin County - April 20, 2021 - 11:40 AM

EXHIBIT A

1.    Mercy's organizational structure from 2015 to present, including its relationship to parents and subsidiaries.

2.    Mercy's policies and practices on billing, insurance, and accounting for patients receiving treatment after being injured in an accident that were in effect from 2015 to present.

3.    Mercy's communications of its policies and practices on billing, insurance, and accounting to patients as of 2015 to present.

4.    Mercy's policies and practices on patient admission and discharge that were in effect from 2015 to present.

5.    Mercy's computer systems (including data fields and data sources) for patient billing, insurance, and accounting used from 2015 to present.

6.    The quantifications, comparisons, and analyses of revenue received by Mercy as a result of its policy of submitting patient medical bills to insurance when the patient has been injured in an accident from 2015 to present.

7.    The relationship between Mercy and Medical Reimbursements of America, Inc. from 2015 to present.

8.    The documents produced by the parties in this litigation or referenced in their answers to interrogatories.

9.    The factual bases for Mercy's answer, including its affirmative defenses, in this case.

10.    The reports of the financial condition of Mercy from 2015 to present.

Electronically Filed - Franklin County - April 21, 2021 - 10:40 AM

IN THE CIRCUIT COURT OF FRANKLIN COUNTY
STATE OF MISSOURI

KIM DAMES,                                     )
                                              )
        Plaintiff,                            )
                                              )       Case No. 19AB-CC00264
v.                                            )
                                              )       Division VI
MERCY HOSPITALS                               )
EAST COMMUNITIES, d/b/a                       )
Mercy Hospital Washington,                    )
                                              )
        Defendant.                            )

**STIPULATED PROTECTIVE ORDER**

Because discovery in this litigation (the "Action") may require the disclosure of information and production of documents or other materials containing confidential, proprietary, competitive, or otherwise sensitive information of the parties, and in order to facilitate discovery in this Action, the Court, pursuant to Missouri Rule of Civil Procedure 56.01(c), and at the request of the parties, enters this Stipulated Protective Order.

1.      Any party participating in disclosure or discovery, or any non-party responding to a subpoena, in the Action may designate as "CONFIDENTIAL" any information, regardless of the medium or manner in which it is generated, stored, or maintained, contained in responses to interrogatories, responses to requests for admission, deposition testimony, deposition exhibits, or any materials that are produced or generated in disclosures or responses to discovery in this matter ("Litigation Material") which the designating party believes in good faith contains confidential, proprietary,

1

Electronically Filed - Franklin County - April 21, 2021 - 10:40 AM

competitive, or otherwise sensitive information, or which is of a nature that the designating party in good faith believes should not be made public for the purposes of preserving the privacy of the parties, such as personal medical information or competitive information.

2.      All Litigation Material designated as CONFIDENTIAL, and all copies thereof, shall not be disclosed except as provided in this Stipulated Protective Order.

3.      Litigation Material marked as CONFIDENTIAL shall be maintained in confidence by the party or parties to whom such materials are produced or given, shall be used in connection with this Action only, and shall not be disclosed to any person except:

a.      the Court and its personnel;

b.      attorneys of record to a party and their secretaries, paralegals, and other law firm employees who have a need to review the materials;

c.      the parties to this action – in the case of an individual who is a party, to the individual only; in the case of an entity who is a party, to the entity's in-house counsel and any employee who has a need to review the materials to assist with the prosecution or defense of this lawsuit;

d.      third parties hired by counsel or the parties to assist in this litigation to whom disclosure is reasonably necessary, provided that each such third party has signed an undertaking in the form of **Exhibit A** hereto;

e.      potential or actual witnesses (including, but not limited to, deposition witnesses) and their personal attorneys who counsel for a party believes in good faith to have a need to review material designated as CONFIDENTIAL, provided that each such potential or actual witness (including, but not limited to, deposition witness) and counsel have signed an undertaking in the form of **Exhibit A** hereto;

Electronically Filed - Franklin County - April 21, 2021 - 10:40 AM

f.    clerical or ministerial service providers, such as outside copying services or litigation support personnel;

g.    court reporters and persons preparing transcripts of or recording testimony; and

h.    the author or recipient of a document containing the information.

4.    Litigation Material designated as CONFIDENTIAL-DISCOVERY shall be designated or identified as follows:

a.    With respect to documents (including, but not limited to, writings, photographs, drawings, or other graphic matter) and electronic storage devices (including, but not limited to, floppy disks, CDs or DVDs), the designating party shall designate or identify such documents and/or electronic storage devices as CONFIDENTIAL by marking them and each copy thereof with the legend CONFIDENTIAL; provided, however, that if not all information contained on the electronic storage device is designated CONFIDENTIAL information, the designating party shall prepare and produce to the other parties a list identifying the specific files, documents, or other information contained on the electronic storage device that is CONFIDENTIAL. Including designated CONFIDENTIAL information on the same electronic storage device with information that is not designated CONFIDENTIAL information shall not constitute a waiver of confidentiality for the designated CONFIDENTIAL information.

b.    With respect to answers to written interrogatories or responses to requests for admissions, the designating party must stamp, label or mark CONFIDENTIAL next to each answer or response that the designating party intends to designate as CONFIDENTIAL.

c.    With respect to deposition testimony, the designating party may designate certain questions, answers or portions of the transcript as CONFIDENTIAL on the record during the deposition, or in writing thereafter, by notifying all parties in writing within ten (10) days of receipt of the transcript of the specific pages and lines of the transcript which should be treated as CONFIDENTIAL. Prior to that time, the parties will automatically treat the materials as confidentially designated information.

Electronically Filed - Franklin County - April 21, 2021 - 10:40 AM

d.      With respect to any other tangible or intangible items, the designating party shall designate such tangible or intangible items as CONFIDENTIAL by marking them and each copy thereof with the legend CONFIDENTIAL or by giving written notice of the designation to opposing counsel.

5.      All designated CONFIDENTIAL information referenced in or filed as exhibits to any brief, memorandum, pleading or at any hearing or trial in this matter, and all depositions filed with the Court in which designated CONFIDENTIAL information is disclosed or discussed, by way of testimony, exhibits or otherwise, shall be filed with the Court under seal or as a non-public document, and shall be marked with the following legend: CONFIDENTIAL–SUBJECT TO PROTECTIVE ORDER. To the extent feasible, all designated CONFIDENTIAL information referenced in or filed as exhibits to any brief, memorandum, pleading or at any hearing or trial in this matter, and all depositions filed with the Court in which designated CONFIDENTIAL information is disclosed or discussed, by way of testimony, exhibits or otherwise, shall be prepared in such a manner that the designated CONFIDENTIAL information is bound separately from information that is not entitled to protection under this Stipulated Protective Order.

6.      Upon receipt of documents or other material initially designated as CONFIDENTIAL, the other parties shall treat the documents or other materials as CONFIDENTIAL, unless and until the parties agree otherwise or the Court orders that the designation of the documents or other materials was or is improper, inappropriate, or unnecessary. Any party may object in writing to another party's designation of documents or information under this Order. The objecting party and the designating party

Electronically Filed - Franklin County - April 21, 2021 - 10:40 AM

shall confer within seven (7) business days after receipt of such written objection in an attempt to resolve their differences. If the designating and objecting party are unable to resolve their differences, the objecting party may file with the court a motion to de-designate any documents or information. Any motion to de-designate such documents or information that would disclose any such information shall be presented to the Court in the manner stated in Paragraph 5, *supra*. The designating party has the burden of proving the confidential nature of any document or information. All documents or information designated under this Stipulated Protective Order shall continue to be subject to this Stipulated Protective Order unless and until the Court rules otherwise.

7.      Inadvertent failure to designate any information pursuant to this Stipulated Protective Order shall not constitute a waiver of a party's subsequent claim for protection. Upon request by a party claiming an inadvertent failure to designate information, arrangements shall be made for the return to the designating party of all copies of the inadvertently mis-designated documents and for the substitution, where appropriate, of properly labeled copies.

8.      After termination of this Action, whether by trial, appeal, settlement or otherwise, the provisions of this Stipulated Protective Order with respect to the use and dissemination of designated CONFIDENTIAL information shall continue to be binding. Termination of this action shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension

Electronically Filed - Franklin County - April 21, 2021 - 10:40 AM

of time pursuant to applicable law. All copies of any designated CONFIDENTIAL information received by opposing counsel shall either be, at the option of the producing party, (a) destroyed by opposing counsel, or (b) returned to the producing party's counsel within thirty (30) days following termination of this Action. If designated CONFIDENTIAL information is destroyed pursuant to subsection (a) of this paragraph, upon the written request of the producing party, each receiving party shall certify in writing that all such information has been destroyed.

9.      This Stipulated Protective Order has no effect upon, and its scope shall not extend to, any party's use of its own designated CONFIDENTIAL information.

10.     This Stipulated Protective Order can be modified only by written agreement of the parties or by Order of this Court. Each party reserves the right to object to any party's motion or request to modify this Stipulated Protective Order. If the parties disagree as to whether certain documents or other materials should be labeled CONFIDENTIAL and subject to this Stipulated Protective Order, they shall attempt to resolve their differences in good faith before bringing the matter to the Court for resolution.

11.     In the event of disclosure of any designated CONFIDENTIAL information to a person not authorized for access to such material under the terms of this Order, the party responsible for having made, and any party with knowledge of such disclosure shall immediately inform counsel for the party whose designated CONFIDENTIAL information has thus been disclosed of all known relevant information concerning the nature and the circumstances of the disclosure. The responsible party shall also promptly

Electronically Filed - Franklin County - April 21, 2021 - 10:40 AM

take all reasonable measures to recover the improperly disclosed material and ensure that no further or greater unauthorized disclosure of such information or material is made by anyone, and each party will cooperate in good faith in that effort.

12.     The receiving parties understand and agree that monetary damages will not sufficiently compensate the producing party for the unauthorized use or disclosure of designated CONFIDENTIAL information in contravention to the terms of this Stipulated Protective Order and that injunctive relief will be appropriate to prevent the actual or threatened use and/or disclosure of designated CONFIDENTIAL information in contravention to the terms of this Stipulated Protective Order.

13.     If designated CONFIDENTIAL information in the possession, custody or control of a party to this Stipulated Protective Order is sought by subpoena or any other form of discovery request or compulsory process that does not arise in the present action, the party to whom the subpoena, process or discovery request is directed (the "Receiver") shall, by the third business day after receipt thereof, give written notice by email, hand delivery or facsimile of such process or request, together with a copy thereof, to counsel for the party who designated the designated CONFIDENTIAL information (the "Designating Party"). The burden of opposing the enforcement of the subpoena, discovery request or process shall fall upon the Designating Party. Unless the Designating Party obtains a court order directing that the subpoena, discovery request or process not be complied with, and serves such order upon the Receiver by hand delivery prior to the date for production pursuant to the subpoena, discovery request or process, the Receiver shall be permitted to produce documents responsive to the subpoena,

Electronically Filed - Franklin County - April 21, 2021 - 10:40 AM

discovery request or process on the required response date, and said production shall not constitute a violation of this Stipulated Protective Order.

14.    This Stipulated Protective Order shall be binding upon the parties hereto, their successors, representatives and assigns, as well as all counsel for the parties hereto. The parties agree to be bound by the terms of this Stipulated Protective Order and submit to the jurisdiction of this Court for the purpose of enforcement of this Order only and without waiving jurisdiction and/or venue challenges for any other purpose or cause of action.

Dated: April 20, 2021

**BY THE PARTIES**:

| Lear Werts LLP | Thompson Coburn LLP |
| --- | --- |
| /s/ Todd. C. Werts<br>Todd C. Werts, #53288<br>Bradford B. Lear, #53204<br>103 Ripley Street<br>Columbia, MO 65201<br>(573) 875-1991 Telephone<br>(573) 279-0024 Facsimile<br>werts@learwerts.com<br>lear@learwerts.com<br><br>Attorneys for Plaintiff Kim Dames | /s/ Jeffrey R. Fink<br>Jeffrey R. Fink, #44963<br>One US Bank Plaza<br>St. Louis, MO 63101<br>(314) 552-6000 Telephone<br>(314) 552-7000 Facsimile<br>jfink@thompsoncoburn.com<br><br>Attorneys for Defendant Mercy Hospitals East Communities |

Electronically Filed - Franklin County - April 21, 2021 - 10:40 AM

**<u>EXHIBIT A</u>**

The undersigned hereby acknowledges that he/she/it has read the Stipulated Protective Order entered on _____, 2021, in *Kim Dames v. Mercy Hospitals East Communities*, Case No. 19AB-CC00264, Circuit Court of Franklin County, Missouri, understands its terms and conditions, and agrees to be bound by the Stipulated Protective Order and subject to the jurisdiction of the Circuit Court of Franklin County, Missouri, for the purpose of enforcement of the Stipulated Protective Order and without waiving jurisdiction and/or venue challenges for any other purpose or cause of action.

_____          _____
                                                                      Date
Printed Name:


_____

Electronically Filed - Franklin County - April 21, 2021 - 10:40 AM

IN THE CIRCUIT COURT OF FRANKLIN COUNTY
STATE OF MISSOURI

KIM DAMES,                    )
                              )
        Plaintiff,        )
                              )    Case No. 19AB-CC00264
v.                        )
                              )    Division VI
MERCY HOSPITALS        )
EAST COMMUNITIES, d/b/a   )
Mercy Hospital Washington,   )
                              )
        Defendant.    )

## **JOINT MOTION FOR STIPULATED PROTECTIVE ORDER**

COME NOW the parties, by and through their counsel of record, and pursuant to Rule 56.01(c), move the Court to enter the attached stipulated protective order. In support of this joint motion, the parties state:

1.    Plaintiff has asked Defendant to produce certain documents that Defendant believes contain confidential, proprietary, competitive, or otherwise sensitive information.

2.    All of the parties have agreed to the attached form of a Protective Order governing the production and use of these confidential documents.

3.    Pursuant to Rule 56.01(c) of the Missouri Rules of Civil Procedure, this Court is authorized to enter a protective order governing the manner in which such documents are used.

Electronically Filed - Franklin County - April 21, 2021 - 10:40 AM

WHEREFORE, the parties respectfully request that the Court enter the Stipulated Protective Order in the form attached, and for such other and further relief as this Court deems just and proper. Respectfully submitted,

| | |
|---|---|
| Lear Werts LLP | Thompson Coburn LLP |
| /s/ Todd. C. Werts<br>Todd C. Werts, #53288<br>Bradford B. Lear, #53204<br>103 Ripley Street<br>Columbia, MO 65201<br>(573) 875-1991 Telephone<br>(573) 279-0024 Facsimile<br>werts@learwerts.com<br>lear@learwerts.com<br><br>*Attorneys for Plaintiff Kim Dames* | /s/ Jeffrey R. Fink<br>Jeffrey R. Fink, #44963<br>One US Bank Plaza<br>St. Louis, MO 63101<br>(314) 552-6000 Telephone<br>(314) 552-7000 Facsimile<br>jfink@thompsoncoburn.com<br><br>*Attorneys for Defendant Mercy Hospitals East Communities* |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 21, 2021, a true and correct copy of the foregoing was served on all counsel of record via the Missouri Court's electronic filing system.

/s/ Jeffrey R. Fink

Electronically Filed - Franklin County - May 12, 2021 - 12:32 PM

IN THE CIRCUIT COURT OF FRANKLIN COUNTY
STATE OF MISSOURI

KIM DAMES,

          Plaintiff,

    v.

MERCY HOSPITALS EAST
COMMUNITIES,

          Defendant.

Case No. 19AB-CC00264

Division VI

PLAINTIFF'S AMENDED NOTICE OF VIDEO-CONFERENCE DEPOSITION

| | |
|---|---|
| **TO:** | All Counsel of Record |
| **DATE / TIME:** | **Thursday, May 20, 2021 at 10:00 am** |
| **LOCATION:** | **All parties will appear via Zoom or other agreed video-conference platform**<br>Thompson Coburn LLP<br>One US Bank Plaza<br>St. Louis, MO  63101-1611 |
| **WITNESS:** | Mercy Hospitals East Communities |

    PLEASE TAKE NOTICE that, pursuant to Rules 57.03(b)(4) of the Missouri Supreme Court Rules of Court, Plaintiff will take the deposition of Defendant by a person or persons designated by Defendant to testify on its behalf on the matters identified in the attached Exhibit A before a court reporter authorized by law to administer oaths.  The deposition will begin at 10:00 AM Central time on May 20, 2021 via Zoom video-conference platform, or such other agreed video-conference platform and continue from day to day until completed. The deposition shall be recorded by both stenographic means and video recording.

Electronically Filed - Franklin County - May 12, 2021 - 12:32 PM

Dated: May 12, 2021

Respectfully submitted,

LEAR WERTS LLP

/s/ Todd C. Werts
Bradford B. Lear, Mo. Bar No. 53204
Todd C. Werts, Mo. Bar No. 53288
Anthony J. Meyer, Mo. Bar No. 71238
103 Ripley Street
Columbia, MO 65201
Telephone:  573-875-1991
Facsimile:  573-279-0024
Email:  lear@learwerts.com
Email:  werts@learwerts.com
Email:  meyer@learwerts.com

ROBINSON BRINKMANN & FULFORD LLC
Mark E. Brinkmann, Mo. Bar No. 49950
24 S. Church St.
Union, MO  63084
T: 636-583-7908
F: 636-583-7908
E: mark@attorneysrbf.com

ROBERTS, WOOTEN & ZIMMER, LLC
Charles R. Wooten, Mo. Bar No. 51250
10438 Business 21
Hillsboro, MO  63050
T: 636-797-2693
F: 636-789-4205
E: charleswooten@rwzlaw.com

COUNSEL FOR PLAINTIFF

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing was served via email to Defendant's counsel, Jeffrey Fink at jfink@thompsoncoburn.com on this 12th day of May, 2021.

/s/ Todd C. Werts

2

Electronically Filed - Franklin County - May 12, 2021 - 12:32 PM

EXHIBIT A

1.    Mercy's organizational structure from 2015 to present, including its relationship to parents and subsidiaries.

2.    Mercy's policies and practices on billing, insurance, and accounting for patients receiving treatment after being injured in an accident that were in effect from 2015 to present.

3.    Mercy's communications of its policies and practices on billing, insurance, and accounting to patients as of 2015 to present.

4.    Mercy's policies and practices on patient admission and discharge that were in effect from 2015 to present.

5.    Mercy's computer systems (including data fields and data sources) for patient billing, insurance, and accounting used from 2015 to present.

6.    The quantifications, comparisons, and analyses of revenue received by Mercy as a result of its policy of submitting patient medical bills to insurance when the patient has been injured in an accident from 2015 to present.

7.    The relationship between Mercy and Medical Reimbursements of America, Inc. from 2015 to present.

8.    The documents produced by the parties in this litigation or referenced in their answers to interrogatories.

9.    The factual bases for Mercy's answer, including its affirmative defenses, in this case.

10.    The reports of the financial condition of Mercy from 2015 to present.