IN THE CIRCUIT COURT OF FRANKLIN COUNTY, MISSOURI
THE 20ᵀᴴ JUDICIAL CIRCUIT

| | |
|---|---|
| KIM DAMES,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>MERCY HOSPITALS EAST COMMUNITIES<br>d/b/a MERCY HOSPITAL WASHINGTON,<br>　　SERVE: CSC-Lawyers<br>　　Incorporating Service Company<br>　　221 Bolivar Street<br>　　Jefferson City, MO  65101<br><br>　　　　　　Defendant. | Case No. _____<br><br>Division _____ |

Petition

COMES NOW Plaintiff Kim Dames, by and through counsel, for her Petition for damages against Defendant Mercy Hospitals East Communities d/b/a Mercy Hospital Washington ("Defendant"), and states and alleges as follows:

Introduction

1.　Defendant is a hospital that provides medical services, including emergency medical services, to patients.

2.　Defendant screens all patients and makes a determination regarding the reason for treatment and whether there may be sources of payment other than health insurance available.

3.　If the patient is identified as one whose medical bills may be recoverable from another source, Defendant either refuses to submit that patient's medical bills to his or her valid commercial health insurance or an employee health benefit plan ("health insurance"),

or submits the bills to health insurance and sometime thereafter remits those funds back to health insurance after recovering payment from another source.

4. Defendant engages in these practices even though defendant is contractually required to submit said bills to health insurance, accept payment from health insurance in satisfaction of the bill, not seek payments from any additional sources, and hold the patient harmless from any amounts owed other than co-pays or deductibles.

5. While refusing to submit medical bills to the patients' health insurance and accept the payment in satisfaction of the bill, Defendant routinely seeks payment for the medical bills from those same patients, either directly or indirectly.

6. Upon information and belief, Defendant seeks payment for medical bills through means including, among others, demanding cash payment directly from the patients, placing unlawful liens upon patients' third-party tort claims, seeking medical payment benefits from the patients' auto insurers.

7. Defendant pursues such course of conduct despite knowing the patients have health insurance and being contractually entitled to have their medical bills submitted to their health insurance for payment.

8. Defendant is required by their contracts with patients' health insurance to submit insured patients' medical bills directly to health insurance. Likewise, Defendant was required to submit Plaintiff's medical bills to her health insurance.

9. Defendant is required to honor a contractual discount with their patients' health insurance and accept discounted payment from health insurance in full satisfaction of the patients' debts.

10. Defendant is precluded by its contracts with private health insurance from seeking payment for covered services from other sources, including from the patient directly, medical benefits from the patients' automobile insurer, turning the bills over to collections, or filing a lien against patients' property, including personal injury claims.

11. Defendant did not inform patients at the time of treatment that they would not honor the patients' health insurance if the circumstances created the possibility of another source of recovery. This is true even though Defendant stated and advertised that it was "in-network" for several health insurance carriers, including the named Plaintiff's here.

12. To the contrary, Defendant represents to patients, including the named Plaintiff here, that Defendant will submit the patient's bill to health insurance and will accept that payment in satisfaction of the patient's bill.

13. Defendant enters into contracts with patients, including the named Plaintiff in this case, which assign any authorized payment to Defendant by the patients' health insurance. This agreement also indicates that Defendant will submit the patients' charges to health insurance and that the patient will only be responsible for charges not covered by the assignment of insurance benefits (i.e., co-pays and deductibles, etc.).

14. Patients are unable to submit their medical bills directly to their health insurance as Defendant is the entity responsible for such submission. Indeed, Defendant is the only entity in possession of the information required to make such a submission, and Defendant is the entity that has a contract with the health insurance for reduced compensation for treating patients with health insurance.

15. The contract between Defendant and health insurance disavows that patients, like the named Plaintiff here, are third-party beneficiaries under the contract. Accordingly,

Defendant's failure to follow its own contractual obligations has the unfair consequence of depriving patients, like the named Plaintiff here, of the benefit of the bargain those patients made with their health insurance.

16. Through Defendant's bill collection practices, it attempts to optimize the amount received for services rendered by seeking from patients the full amount billed (or more than it is entitled to for the covered treatment), rather than accepting the discounted amount it has agreed to accept from the patient's health insurance.

17. By employing such a policy and business model, Defendant has unlawfully violated the rights of Plaintiff and the class members as described below.

## Jurisdiction and Venue

18. This Court has subject matter jurisdiction over this action.

19. This Court has personal jurisdiction over the parties because the acts and omission which are the subject of this litigation occurred in Missouri.

20. Venue is appropriate in this Court pursuant to Mo. Rev. Stat. § 508.010.4 which provides: "…in all actions in which there is any count alleging a tort and in which the plaintiff was first injured in the state of Missouri, venue shall be in the county where the plaintiff was first injured by the wrongful acts or negligent conduct alleged in the action." The named Plaintiff was first injured in Franklin County, Missouri.

Electronically Filed - Franklin County - December 12, 2019 - 11:21 AM

Parties

21. Plaintiff Kim Dames is an adult resident of Franklin County, Missouri.

22. Defendant Mercy Hospitals East Communities d/b/a Mercy Hospital Washington (hereinafter "Mercy") is a Missouri corporation in good standing with the capacity to sue and be sued in its own name.

Facts Common to All Counts

23. On Sunday, October 25, 2015, Plaintiff Kim Dames was riding as a passenger in a motor vehicle that was involved in a collision with another motor vehicle.

24. As a result of the collision, Plaintiff Kim Dames sought medical treatment at Defendant Mercy's emergency room in Washington, Franklin County, Missouri.

25. On October 25, 2015, Defendant charged Plaintiff Kim Dames $12,382.50 for medical treatment provided to Plaintiff Kim Dames in the emergency room.

26. At the time of the medical services, Plaintiff Kim Dames had valid health insurance coverage with Anthem.

27. The contract of insurance between Defendant and Anthem operated to compel the participation of Defendant in accepting discounted payments and adjustments from Anthem to reduce and/or pay towards Plaintiff Kim Dames' patient accounts.

28. Prior to the receipt of the medical services, Plaintiff Kim Dames provided Defendant with a health insurance card for Plaintiff Kim Dames.

29. At the time of the medical services, Defendant did not inform Plaintiff that Defendant would not accept Plaintiff's health insurance, nor did Defendant explain that it would seek the balance of Plaintiff's medical bills from her personally, by billing her medical payments coverage, or by placing a lien against her third-party tort claims.

30. Defendant did not inform Plaintiff that Defendant would remit any funds received from Plaintiff's health insurance and would be pursuing a third-party lien against her personal injury recovery.

31. Defendant is required by its contracts with Plaintiff's health insurance to submit medical bills of insured patients directly to health insurance for payment.

32. Plaintiff was entitled to a contractual reduction in the amount of her medical bills charged by Defendant pursuant to her insurance agreement with Defendant, and to have those bills paid by her health insurance.

33. Plaintiff Kim Dames' damages alleged in this case are economic damages resulting from an improper billing practice.

34. At the time of the collision, Plaintiff Kim Dames was insured under a contract of automobile insurance with Acuity which provided Medical Payments Coverage with policy limits of $5,000.00.

35. On December 18, 2015, Defendant Mercy applied an "INS CONTRACTUAL ADJUSTMENT (INS)" in the amount of $11,806.50 to Plaintiff Kim Dames' account pursuant to a contractual relationship that Defendant Mercy had with Anthem, Plaintiff Kim Dames' health insurance provider.

36. Plaintiff Kim Dames was entitled to a contractual reduction in the amount of her medical bills incurred with Defendant Mercy pursuant to her health insurance's agreement with Defendant Mercy.

37. After applying the contractual adjustment, Plaintiff Kim Dames' account balance was $576.00.

Electronically Filed - Franklin County - December 12, 2019 - 11:21 AM

38. On January 27, 2016, Plaintiff Kim Dames' automobile insurance carrier, Acuity, made a Medical Payments Coverage payment of $5,000.00 to Defendant Mercy, constituting an overpayment of $4,424.00.

39. On January 29, 2016, Defendant Mercy recreated the bill on Plaintiff Kim Dames' account, applied a "INS CONTRACTUAL ADJUSTMENT (INS)" in the amount of $4,424.00.

40. On January 29, 2016, Defendant Mercy backed out the contractual adjustment previously applied on December 18, 2015 and increased the total account balance due to the amount of the $5,000.00 Medical Payments Coverage payment.

Class Action Allegations

41. This action is brought as a plaintiff class action pursuant to Missouri Rule of Civil Procedure 52.08. Plaintiff brings this action on her own behalf and on behalf of all others similarly situated, as representative of the following class:

All Missouri residents who, since December 6, 2014, received any type of healthcare treatment from any entity located in Missouri that is owned or affiliated with Defendant, while being covered by valid commercial health insurance or an employee health benefit plan governed by the Employee Retirement Income Security Act ("health insurance"), and whose medical bills resulting from that treatment were either not submitted to health insurance for payment or were submitted and thereafter Defendant refunded those payments to their health insurance and Defendant obtained payment for those bills directly from the patient, from an auto insurer, or from the patients' third-party tort recovery.

7

42. The particular members of the Class are capable of being described without difficult managerial or administrative problems. The members of the Class are readily identifiable from the information and records in the possession or control of Defendant.

43. The Class consists of hundreds and perhaps thousands of individual members and is, therefore, so numerous that individual joinder of all members is impractical.

44. There are questions of law and fact common to the Class, which questions predominate over any questions affecting only individual members of the Class and, in fact, the wrongs suffered and remedies sought by Plaintiff and the other members of the Class are premised upon an unlawful scheme perpetuated uniformly upon all the Class members. The only material difference between the Class members' claims is the exact monetary amount to which each member of the Class is entitled. The principal common issues include, but are certainly not limited to the following:

a) Whether Defendant entered into express and/or implied agreements with various health insurance providing, among other things, that health insurance claims should be promptly submitted to health insurance for payment;

b) Whether Defendant violated their contracts with various health insurance by not submitting medical bills to health insurance;

c) Whether Defendant violated their contracts with various health insurance by pursuing recovery for services rendered by placing liens upon patients' property (such as third-party tort claims), pursuing medical payment benefits from auto insurers, pursuing payment directly from the patients, or turning patients' accounts over to collections,

d) Whether Defendant violated their contracts with various health insurance by not offering a contractually agreed discount to Patients covered by said policies;

e) Whether Defendant has violated its contracts with Plaintiff and the class members by seeking payment for charges that were covered by valid commercial health insurance;

f) Whether Defendant improperly refused to submit the Plaintiff's and the class members' medical bills to Plaintiff's and the class members' health insurance for payment;

g) Whether Defendant employs a policy and business model of refusing to submit otherwise valid health insurance claims, or returning money paid by a health insurance company, in order to increase Defendant's profit or for financial gain;

h) Whether Defendant unlawfully refused to submit the Plaintiff's and the Class members' medical bills to Plaintiff's and the Class members' health insurance for payment;

i) Whether Defendant profited by refusing to submit said medical bills to said health insurance for payment;

j) Whether Defendant utilized aggressive and unfair collection practices to collect medical payments from the Plaintiff and the class members despite the fact that Defendant had chosen to refuse to submit, or refunded monies received from, their charges to the class members' health insurance;

k) Whether Defendant has been unjustly enriched at the expense of Plaintiff and the Class members through the above-described misconduct;

l)  Whether Defendant breached its duty of good faith and fair dealing to the Plaintiff and the Class through the above-described misconduct;

m) Whether Defendant violated the Missouri Merchandising Practices Act through the above-described misconduct;

n)  Whether Defendant should be enjoined from continuing its unfair, discriminatory, and abusive conduct.

52. Plaintiff's claims are typical of those of the Class and are based on the same legal and factual theories.

53. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff has no claims antagonistic to those of the Class. Plaintiff has retained counsel competent and experienced in complex class actions. Counsel is committed to the vigorous prosecution of this action.

54. Certification of a plaintiff class is appropriate in that Plaintiff and the Class members seek monetary damages, common questions predominate over any individual questions, and a class action is superior for the fair and efficient adjudication of this controversy. A class action will cause an orderly and expeditious administration of the Class members' claims and economies of time, effort and expense will be fostered and uniformity of decisions will be ensured. Moreover, the individual class members are unlikely to be aware of their rights and are not in a position (either through experience or financially) to commence individual litigation against the likes of Defendant.

55. Alternatively, certification of a plaintiff class is appropriate in that inconsistent or varying adjudications with respect to individual members of the Class would establish incompatible standards of conduct for the Defendant or adjudications with

Electronically Filed - Franklin County - December 12, 2019 - 11:21 AM

Electronically Filed - Franklin County - December 12, 2019 - 11:21 AM

respect to individual members of the Class as a practical matter would be dispositive of the interests of the other members not parties to the adjudication or would substantially impair or impede their ability to protect their interests.

56. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## Count I
### (Missouri Merchandising Practices Act)

57. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

58. Mo. Rev. Stat. § 407.020 prohibits the use of any "deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . ."

59. Mo. Rev. Stat. § 407.020 provides:

"Unlawful practices, penalty — exceptions. — 1. The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce or the solicitation of any funds for any charitable purpose, as defined in section 407.453, in or from the state of Missouri, is declared to be an unlawful practice. ..."

60. An "unfair practice" is defined by Missouri Code of State Regulation 15 CSR 60-8.020:

11

"(1) An unfair practice is any practice which—

    (A) Either—

        1. Offends any public policy as it has been established by the Constitution, statutes or common law of this state, or by the Federal Trade Commission, or its interpretive decisions; or

        2. Is unethical, oppressive or unscrupulous; and

    (B) Presents a risk of, or causes, substantial injury to consumers."

61. An "unfair practice" is further defined by Missouri Code of State Regulation 15 CSR 60-8.040:

"(1) It is an unfair practice for any person in connection with the advertisement or sale of merchandise to violate the duty of good faith in solicitation, negotiation and performance, or in any manner fail to act in good faith (see section 400.2-103(1)(b), Restatement, Second, Contracts section 205)."

62. Merchandise is defined by the Merchandising Practices Act, § 407.010(4):

"(4) "Merchandise", any objects, wares, goods, commodities, intangibles, real estate or services;"

63. Merchandise includes the providing of medical services and billing for the same.

64. Person is defined by the Merchandising Practices Act, § 407.010(5):

"(5) "Person", any natural person or his legal representative, partnership, firm, for-profit or not-for-profit corporation, whether domestic or foreign, …"

65. Plaintiff, the class members, and Defendant are all a "person" as defined by the Missouri Merchandising Practices Act.

Electronically Filed - Franklin County - December 12, 2019 - 11:21 AM

66. The above described billing practices and related misconduct of Defendant Mercy violated the Missouri Merchandising Practices Act by, among other things, constituting an unfair practice and breach of the duty of good faith as required under the Act.

## Count II
### (Unjust Enrichment)

67. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

68. Defendant has engaged in a pattern of subverting the financial interests and contractual agreements of Plaintiff and the class members for its own pecuniary gain.

69. Defendant has been unjustly enriched in that it received and retained the benefits of proceeds to which it was not entitled to and which were received in violation of Missouri law.

70. Said benefits were conferred on Defendant by Plaintiff and the class members, and unlawfully obtained to the detriment of Plaintiff and the class members.

71. Defendant's retention of these funds is unjust because payment for the services provided should have come from Plaintiff's and the class members' health insurance, and the reasonable value for Defendant's services determined by the contracts between Defendant and health insurance.

72. Allowing Defendant to retain the aforementioned benefits violates fundamental principles of justice, equity, and good conscience.

## Count III
### (Money Had and Received)

73. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

74. Defendant has engaged in a pattern of subverting the financial interests and contractual agreements of Plaintiff and the class members for its own pecuniary gain.

75. Defendant received and obtained possession of the named Plaintiff's and the class members' money.

76. Defendant appreciated a benefit from receiving and obtaining possession of the named Plaintiff's and the class members' money.

77. Defendant's acceptance and retention of these funds is unjust.

78. Defendant received money from the Plaintiff and the class members under circumstances that in equity and good conscience call for the Defendant pay it to Plaintiff and the class members.

79. Defendant's retention of these funds is unjust because payment for the services provided should have come from the class members' health insurance, and the reasonable value for Defendant's services determined by the contracts between Defendant and health insurance.

80. Allowing Defendant to retain the aforementioned benefits violates fundamental principles of justice, equity, and good conscience.

Electronically Filed - Franklin County - December 12, 2019 - 11:21 AM

## Count IV
### (Declaratory Judgment and Injunctive Relief)

81. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

82. This Court has jurisdiction over Count IV of this action by reason of Mo. Rev. Stat. § 527.010 et seq.

83. Defendant was required by its contract with health insurance, including named Plaintiff's here, to submit Plaintiff's medical bills to Anthem for payment.

84. Defendant is required by its contracts with various other health insurance to submit the proposed class members' medical bills directly to health insurance for payment.

85. Defendant is also required to honor a contractual discount with their patients' health insurance and accept discounted payments from health insurance in satisfaction of the patients' debts.

86. Defendant failed to honor its contractual agreed discount regarding Plaintiff's medical bills at issue in this case and those of the proposed class members.

87. Defendant failed to honor its contractual commitment to submit the medical bills of insured patients to their insurance company.

88. Defendant is precluded by its contracts with private health insurance, such as the named Plaintiff's insurer here, from seeking payment for covered services from other sources, including the patient directly, medical payments benefits from the patients' auto insurer, or filing liens against patients' property (including personal injury claims).

89. Defendant is precluded by its own contracts with Plaintiff and the class members from seeking payment for medical charges that are covered by the insurance assignment executed by Plaintiff and the class members.

90. Defendant has breached these agreements by seeking payment from Plaintiff and receiving payment from Plaintiff's medical payments benefits from Plaintiff's auto insurer.

91. A real and subsisting controversy exists between the parties concerning the validity of Defendant's policies and procedures.

92. Plaintiff requests the Court declare that Defendant, through its actions, policies, procedures, and misconduct, has violated the terms of its agreements with the various health insurance providers and said policies and procedures should be declared invalid and void as a matter of law.

93. Plaintiff further requests the Court enter a permanent injunction enjoining Defendant from engaging in the unlawful billing practices as detailed herein, and for such other and further relief as the Court deems just and proper.

WHEREFORE, Plaintiff Kim Dames prays for judgment against Defendant Mercy Hospitals East Communities d/b/a Mercy Hospital Washington, as follows:

a. For a declaration that Defendant's actions violated the named Plaintiff's and the class members' rights under Missouri law as pled herein;

b. For all actual damages, statutory damages, penalties, and remedies available for Defendant's violation of the named Plaintiff's and the class members' rights under Missouri law;

c. For a declaration that Defendant, through its actions and misconduct as alleged above, has been unjustly enriched and order that Defendant disgorge any unlawfully gained proceeds:

d. For pre-judgment interest;

Electronically Filed - Franklin County - December 12, 2019 - 11:21 AM

e. For post-judgment interest;

f. For a permanent injunction enjoining Defendant from engaging in the unlawful billing practices as enumerated above;

g. For an award to the named Plaintiff and the class members of their reasonable attorneys' fees;

h. For an award to the named Plaintiff and the class members of their costs;

i. For such other and further relief as the Court may deem necessary and proper.

Electronically Filed - Franklin County - December 12, 2019 - 11:21 AM

Date: December 12, 2019

Respectfully submitted,

**ROBINSON BRINKMANN & FULFORD LLC**

/s/ Mark E. Brinkmann
Mark E. Brinkmann, Mo. Bar No. 49950
24 S. Church St.
Union, MO  63084
T: 636-583-7908
F: 636-583-7908
E: mark@attorneysrbf.com

**ROBERTS, WOOTEN & ZIMMER, LLC**

/s/ Charles R. Wooten
Charles R. Wooten, Mo. Bar No. 51250
10438 Business 21
Hillsboro, MO  63050
T: 636-797-2693
F: 636-789-4205
E: charleswooten@rwzlaw.com

**LEAR WERTS LLP**

/s/ Todd C. Werts
Todd C. Werts, Mo. Bar No. 53288
Bradford B. Lear, Mo. Bar No. 53204
2003 W. Broadway, Ste. 107
Columbia, MO  65203
T: 573-875-1991
F: 573-875-1985
E: werts@learwerts.com
E: lear@learwerts.com

ATTORNEYS FOR PLAINTIFFS